[Civ. No. 30658. Fourth Dist., Div. Three. Nov. 29, 1984.]

CHARLES W. HIBBARD et al., Plaintiffs and Appellants, v.
CITY OF ANAHEIM et al., Defendants and Respondents.

COUNSEL

Joe A. Dickerson for Plaintiffs and Appellants.

Cotkin, Collins, Kolts & Franscell and Jeffrey A. Nelson for Defendants and Respondents.

OPINION

**SONENSHINE, J.**—Plaintiffs Charles W. and Rosalee Hibbard appeal from the dismissal of their lawsuit against the City of Anaheim after a demurrer was sustained without leave to amend. The superior court ruled the suit was barred by plaintiffs' failure to present a timely claim to the city as required by the Government Tort Claims Act (Gov. Code, § 900 et seq.). We reverse because the relief plaintiffs seek is not subject to claim prerequisites.

I.

On November 7, 1979, Anaheim police officers searched the Hibbards' residence. The police seized several items of stolen property listed in the search warrant. They also seized several other items, mostly firearms, which were not listed in the warrant but which the officers believed to be stolen.

Plaintiffs were arrested and charged by felony complaint with receiving stolen property (Pen. Code, § 496) in case number C-43733.[1] On February 7, 1980, a preliminary hearing, which included a motion to suppress evidence (Pen. Code, § 1538.5), was heard. Although Hibbard was held to answer on the charge, the preliminary hearing magistrate granted his motion to suppress "all items other than those enumerated in the search warrant or items in which the serial number was removed or obliterated," with the exception of one shotgun. The magistrate also ordered "that custodians of all property involved in this case retain each item of property in its present condition and take no further action with regard to its disposition until such time as additional court orders are obtained for the disposition."[2]

---

[1] Subsequent criminal prosecutions of the Hibbards mentioned *post* make the case numbers useful for the sake of clarity.

[2] We have gleaned certain facts from the preliminary hearing transcript, which is part of the augmented record on appeal. Although this entire transcript was not part of the pleadings in the present suit, where, as here, a demurrer is sustained without leave to amend, it is appropriate to consider facts alleged in an augmented record on appeal. (See *Minsky* v. *City of Los Angeles* (1974) 11 Cal.3d 113, 117, fn. 2 [113 Cal.Rptr. 102, 520 P.2d 726].)

Both plaintiffs were subsequently charged with an attempt to receive stolen property (Pen. Code, §§ 664/496) in a separate case (C-44251) factually unrelated to the first case (C-43733). By virtue of the similarity of the charges, the two cases were consolidated for trial. (Pen. Code, § 954.) On August 7, 1980, a jury found Charles Hibbard guilty and, on August 8, 1980, found Rosalee Hibbard not guilty on the attempt to receive stolen property in case C-44251. The jury could not reach a verdict in case C-43733, involving the property seized pursuant to the warrant, and the charge was dismissed as to each plaintiff on motion of the prosecution.

On October 24, 1980, Charles Hibbard was sentenced to three years probation with one condition that he serve ninety days in the county jail. On November 19, 1980, execution of the jail sentence was stayed pending determination of Hibbard's appeal from the conviction. Although not entirely clear from the record, Hibbard apparently lost his appeal and began to serve the jail sentence on January 12, 1982.

On February 23, 1982, a secretary for Hibbard's attorney went to the Anaheim Police Department and demanded the return of the items seized but later suppressed. She was told the items had been sold at auction. The Hibbards had not received notice of any auction. On March 24, 1982, they served the City of Anaheim with a demand notice for the return of the property or payment of its value. On March 29, 1982, the city denied the claim as untimely under Government Code section 911.2.[3]

On July 9, 1982, the Hibbards filed a complaint seeking return of the property or damages in lieu thereof. Demurrers were sustained to the complaint and first amended complaint. Plaintiffs' leave to amend the first amended complaint was limited to "showing compliance . . . with the governmental tort claims act and stating a cause of action for relief thereunder."

Anaheim's demurrer to the second amended complaint was sustained without leave to amend. The superior court ruled plaintiffs "failed to comply with the applicable Government Code provisions for filing of claims against a public entity, including Sections 911.2, 911.4, 945.4 and 946.6 and that such defects cannot be cured under the circumstances of this case,

---

[3]That section provides: "A claim relating to a cause of action for death or for injury to person or to personal property or growing crops shall be presented as provided in Article 2 (commencing with Section 915) of this chapter not later than the 100th day after the accrual of the cause of action. A claim relating to any other cause of action shall be presented as provided in Article 2 (commencing with Section 915) of this chapter not later than one year after the accrual of the cause of action."

noting the date of the accrual of plaintiff's [*sic*] action, by amendment." Plaintiffs appealed and the court thereafter entered a judgment of dismissal.[4]

## II.

In essence, the trial court ruled the Hibbards had not filed a *timely* claim under the Government Tort Claims Act. (Gov. Code, § 900 et seq.) ■ It is true "[*w*]*here the claim filing requirements of the Tort Claims Act are applicable,* '[t]imely compliance . . . and rejection of the claim by the governmental agency must be pleaded in order to state a cause of action.' [Citations.]" (*State of California* v. *Superior Court* (1983) 143 Cal.App.3d 754, 757 [192 Cal.Rptr. 198], italics added.) ■ The court below and the parties assumed the Hibbards' claim was subject to the requirements of the Act.[5] This assumption, however, is erroneous.

■ We first must determine whether the City of Anaheim owed any duty to retain the property. Penal Code section 1536 provides: "All property or things taken on a warrant must be retained by the officer in his custody, subject to the order of the court to which he is required to return the proceedings before him, or of any other court in which the offense in respect to which the property or things taken is triable."[6] The Attorney General has opined, "[w]hen the prosecution decides to dismiss or close a case to which the stolen property relates, or when the statute of limitations prevents further action, the property should be transferred to the appropriate county or city agency and sold for the benefit of the public treasury. *A court order must precede the transfer and sale since the property is still in the custody of the seizing officer. Penal Code section 1536.* Due process requires that the court make reasonable efforts to notify the person from whom the property was taken and provide him [or her] a hearing before it issues the order transferring the property. [Citations.] The failure of a claimant to respond to the notice within a reasonable time would authorize the transfer and sale." (52 Ops.Cal.Atty.Gen. 197, 199 (1969); italics added.) "The seizing officer claims no right in or to the property, or in or to its possession, save and except as the court may find use for it." (*Gershenhorn* v. *Superior*

---

[4]We construe the appeal to be taken from the judgment of dismissal although notice was filed prematurely. (Cf. *Reyna* v. *City and County of San Francisco* (1977) 69 Cal.App.3d 876, 879 [138 Cal.Rptr. 504].)

[5]Indeed, on appeal, the Hibbards continue to argue their claim was timely under the provisions of the Act.

[6]Although the items at issue here were not listed in the search warrant, they were still things "taken on a warrant" inasmuch as they were seized while a search warrant was being executed. The warrant supplied the only authority for their lawful observation. (See *Gershenhorn* v. *Superior Court* (1964) 227 Cal.App.2d 361, 366 [38 Cal.Rptr. 576].)

*Court, supra,* 227 Cal.App.2d at p. 366.)[7] We hold the City of Anaheim had a duty pursuant to Penal Code section 1536 to retain the property seized pursuant to the warrant pending a court order regarding its disposition.

■ But even if we assume, arguendo, the City of Anaheim breached this duty by auctioning the property without a court order, the Hibbards' claim is nonetheless barred *if* their claim was subject to the Tort Claims Act *and* they failed to file a timely claim. However, we conclude, based upon two Supreme Court opinions, their claim was *not* subject to the Act.

■ *Minsky* v. *City of Los Angeles, supra,* 11 Cal.3d 113 and *Holt* v. *Kelly* (1978) 20 Cal.3d 560 [143 Cal.Rptr. 625, 574 P.2d 441], found actions for recovery of property seized incident to arrest were not subject to the claims requirements of the Act.[8] In our view, the duties of the property custodians in those cases are quite similar to the City of Anaheim in the present case and the holdings are applicable.

In *Minsky,* a demurrer was sustained without leave to amend and the suit dismissed because the pleadings did not allege a claim had been filed in accordance with Government Code section 900 et seq. A unanimous Supreme Court reversed. First, it recognized the city had an affirmative duty to return private property and hence a cause of action was clearly stated unless barred by the Tort Claims Act. (*Id.,* 11 Cal.3d at pp. 119-120.) ■ " '[O]nly claimants seeking money or damages, as distinguished from other types of judicial relief, are required to conform to the claims procedure.' The claims statutes do not 'impose any . . . requirements for nonpecuniary actions, such as those seeking injunctive, *specific,* or declaratory relief.' [Citation.]" (*Id.,* 11 Cal.3d at p. 121, fns. omitted.) ■ The court held the arrestee's right to specific recovery made the nature of the claim one outside the Tort Claims Act. (*Id.,* at pp. 121-123.) Of particular significance in the present case is the following passage:

"In addition, we note another doctrine that supports our holding of the inapplicability of the claims statute to the wrongful retention of the property in the instant case. ■ A defendant in a criminal proceeding clearly has the right to obtain mandamus to compel the return of personal property wrongfully withheld by the custodial officers. (See, e.g., *Buker* v. *Superior Court* (1972) 25 Cal.App.3d 1085, 1089 [102 Cal.Rptr. 494]; *Gershenhorn* v. *Superior Court* (1964) 227 Cal.App.2d 361, 366 [38 Cal.Rptr. 576]; Van

---

[7]The preliminary hearing magistrate also ordered Anaheim to retain the suppressed property pending further court order. This left no question about the duty embodied in Penal Code section 1536.

[8]They also lead us to conclude, as we shall discuss *post,* the Hibbards should have sought mandamus to compel the return of the items seized or damages as an ancillary remedy.

Alstyne, *supra,* [Cal. Governmental Tort Liability (1964)] § 8.19, p. 375.) Mandamus lies in the criminal proceeding even after disposition of the criminal charges. *(People* v. *Superior Court (Loar)* (1972) 28 Cal.App.3d 600, 607-612 [104 Cal.Rptr. 876].) No court has intimated or held that the claims statute applies to the arrestee directly seeking mandamus in a criminal proceeding to compel the return of property wrongfully in the possession of custodial officers. We perceive no reason why the plaintiff, as the arrestee's assignee, should be in any different position merely because he proceeds in a civil action." *(Minsky* v. *City of Los Angeles, supra,* 11 Cal.3d at p. 123.)

■ Thus, the Hibbards had a right to seek mandamus to compel the return of any illegally seized or wrongfully withheld property, even after the termination of criminal proceedings.

And in *Holt* v. *Kelly, supra,* 20 Cal.3d 560, again a unanimous Supreme Court issued a writ of mandate directing a county sheriff to return a prisoner's property taken from him at the time of arrest, and if the property were found to be unavailable, to deliver to the prisoner the sum of $500 representing the value thereof. *(Id.,* at pp. 562, 566.) The court observed the remedy of mandamus is proper " 'to compel the performance of an act which the law specifically enjoins, as a duty resulting from an office, trust or station.' " *(Id.,* at p. 564.)

■ Relying on *Minsky,* the court again held the Tort Claims Act, including section 911.2, did not apply to claims such as that presented in *Holt. (Id.,* at pp. 564-565.) Further, the " 'initial exemption of the action from the claims statute is not lost simply because the city takes the further wrongful step of disposing of the bailed property. The city cannot be permitted to invoke the claims statute, originally not available to it, by virtue of a later wrongful dissipation of the property. To so hold would be in effect to allow the local entity to profit by its own wrong, penalizing a plaintiff who, in light of the specific recovery remedy apparently available to him, justifiably did not file a claim.' [Citation.]" *(Id.,* at p. 565.)

■ Nor does the fact the city may have rid itself of the property in question convert the mandamus action to a claim for money damages. "Respondent contends that since some or all of the property is now unavailable he is responsible only by means of a proper claim for money damages and not in mandamus. This position is without merit, especially in light of the fact that any property now missing is the result of respondent's own misconduct. ■ We have heretofore held that mandamus may be brought to start the chain of action designed to compel a ministerial duty by a public officer, even if the ultimate goal may be recovery of a sum of money. [Citations.] It is also clear that mandamus will lie where the recovery of

money is merely ancillary to an underlying proceeding which seeks performance of a ministerial duty. [Citations.]" (*Id.*, at p. 565, fn. 5.) This is precisely the nature of the relief sought by the Hibbards. ■ As was the case in *Minsky* and *Holt,* the Hibbards were not required to comply with the Government Tort Claims Act.[9]

## III.

■ "It is axiomatic that if there is a reasonable possibility that a defect in the complaint can be cured by amendment or that the pleading liberally construed can state a cause of action, a demurrer should not be sustained without leave to amend." (*Minsky* v. *City of Los Angeles, supra,* 11 Cal.3d at pp. 118-119.) "A trial judge commits an abuse of discretion in sustaining a demurrer without leave to amend unless it is clear that no amendment could possibly state a cause of action. [Citations.]" (*Moore* v. *Morhar* (1977) 65 Cal.App.3d 896, 903 [135 Cal.Rptr. 626].) ■ "As a reviewing court, we are not bound by the construction placed by the trial court on the pleadings but must make our own independent judgment thereon, even as to matters not expressly ruled upon by trial court." (*Miller* v. *Bakersfield News-Bulletin, Inc.* (1975) 44 Cal.App.3d 899, 901 [119 Cal.Rptr. 92].)

■ The superior court abused its discretion in sustaining the demurrer without leave to amend. As we have held, the time limits which it ruled barred the lawsuit did not apply to the Hibbards' claim. We also conclude, liberally construing the Hibbards' pleading, they can state a cause of action along the lines described in *Minsky* and *Holt.* Thus, they should be granted leave to amend their pleadings.

To date, their pleadings have sounded in conversion only; they have not sought relief in mandamus. But where, as here, the pleadings appear to state "a cause of action for mandamus," this defect is not critical. (See *TRIM, Inc.* v. *Monterey County* (1978) 86 Cal.App.3d 539, 543-545 [150 Cal.Rptr. 351].) As a result, however, the pleadings are incomplete. For instance, the Hibbards' do not specifically plead the City of Anaheim failed to get a court order to dispose of the property. (Pen. Code, § 1536.) Nor do they make clear the money damages sought are merely an ancillary remedy to an underlying prayer for relief in mandamus, seeking performance

---

[9]The City of Anaheim, citing *Minsky,* obliquely concedes the Tort Claims Act was inapplicable. The City argues, however, the property was disposed of lawfully pursuant to various statutes authorizing disposal of lost or unclaimed property. In light of Penal Code section 1536 and the apparent absence of any court order authorizing disposal, their position appears extremely dubious. We need not resolve this, however, since their contentions are properly addressed at a hearing on the merits rather than the pleading stage.

of a ministerial duty to return the property. (See *Holt* v. *Kelly, supra,* 20 Cal.3d 560, 565, fn. 5.) "Although the complaint is inartfully drafted, it discloses the basis for plaintiffs-appellants' cause of action . . . ." (*Cordonier* v. *Central Shopping Plaza Associates* (1978) 82 Cal.App.3d 991, 999 [147 Cal.Rptr. 558].) The Hibbards have a cause of action which closely parallels the relief sought in *Minsky* and *Holt*; a demurrer without leave to amend should not have been sustained.

The judgment is reversed and remanded to the trial court for further proceedings consistent with the views expressed in this opinion.

Wallin, Acting P. J., and Crosby, J., concurred.