[No. B018804. Second Dist., Div. Seven. Apr. 22, 1987.]

WALTER DAVID TALLMADGE et al., Plaintiffs and Appellants, v. COUNTY OF LOS ANGELES et al., Defendants and Respondents.

COUNSEL

Charles V. Weedman, in pro. per., and for Plaintiffs and Appellants.

Ladell Hulet Muhlestein and Chase, Rotchford, Drukker & Bogust for Defendants and Respondents.

OPINION

**JOHNSON, J.**—Plaintiffs appeal from a judgment for defendants after the court granted their motion for summary judgment. We reverse as to defendant County of Los Angeles.

Walter Tallmadge was arrested for the unlawful possession of firearms and the firearms were seized. He was subsequently convicted of unlawful possession of machine guns. He was not convicted of unlawful possession of the remaining firearms. However, both the machine guns and the other guns were destroyed pursuant to court order.

Tallmadge and Charles Weedman, co-owners of the guns, allege the other guns were destroyed without prior notice and contrary to the representations of Los Angeles County Deputy District Attorney Wells that the other guns would be returned to plaintiffs "without the necessity for plaintiffs to initiate legal process for [their] recovery." The complaint alleges Wells's representations concerning the guns were false and "were made with the intent to deceive and mislead plaintiff[s] into not initiating legal process for the return of [the guns]."

 The county and Wells based their motion for summary judgment on the ground they were immune from liability under the Tort Claims Act. If the complaint is viewed as one for misrepresentation, defendants' claim of immunity must be sustained. Government Code section 822.2 provides, "A public employee acting in the scope of his employment is not liable for an injury caused by his misrepresentation, whether or not such misrepresentation be negligent or intentional, unless he is guilty of actual fraud, corrup-

tion or actual malice." The complaint did not allege Wells was guilty of fraud, corruption or actual malice. The county is not liable for an employee's misrepresentation whether negligent or intentional. (Gov. Code, § 818.8.)

The immunities cited above would ordinarily dispose of this case. However, under the circumstances it is fair to ask whether the complaint could be construed to state a cause of action not barred by governmental immunity. Those circumstances are: the defendants chose to use the summary judgment procedure in place of a demurrer (cf. *Franklin* v. *Municipal Court* (1972) 26 Cal.App.3d 884, 899-900 [103 Cal.Rptr. 354]); the claim form submitted to the county and incorporated into the complaint by reference alleged plaintiffs' injury occurred when the county destroyed their property *without notice* (cf. *Union Bk. & Tr. Co.* v. *Los Angeles Co.* (1934) 2 Cal.App.2d 600, 607 [38 P.2d 442]); the defendants' motion for summary judgment acknowledges the complaint incorporates the claim form by reference; plaintiff Weedman's declaration in opposition to the motion for summary judgment pointed out the property was destroyed without prior notice to plaintiffs.

■ Plaintiffs' complaint can properly be construed to state a cause of action for conversion. The complaint alleges the plaintiffs were the owners and entitled to possession of the property; the property was held by the county for the benefit of the plaintiffs; the county destroyed the property without prior notice to plaintiffs. At the time the guns were destroyed, Penal Code section 1418 provided in relevant part, "If the ownership of such exhibits and the address of the owner can be reasonably ascertained, the court shall notify the owner of the location thereof and the method by which the owners may obtain such exhibits." (See now Pen. Code, §§ 1417-1417.7 (Stats. 1985, ch. 875).)

In *Kane* v. *County of San Diego* (1969) 2 Cal.App.3d 550 [83 Cal.Rptr. 19] the county was held liable for conversion when it destroyed the plaintiff's dogs without giving him prior notice under a statute similar to Penal Code section 1418. See also *Hibbard* v. *City of Anaheim* (1984) 162 Cal.App.3d 270, 274, 278 [208 Cal.Rptr. 733] in which the court recognized a conversion action would lie where city police destroyed guns taken on a search warrant without prior notice to the owners.

■ No immunity provision in the California Tort Claims Act insulates the county from liability for conversion under the facts of this case.

■ The county claims immunity under Government Code section 821.6 which provides, "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within

the scope of his employment, even if he acts maliciously and without probable cause." This is not an action for malicious prosecution. Furthermore, plaintiffs' injury was not caused by a public employee "instituting or prosecuting" a judicial proceeding. Tallmadge's prosecution had ended when the wrongful act he complains of occurred. (Cf. *Sullivan* v. *County of Los Angeles* (1974) 12 Cal.3d 710, 719 [117 Cal.Rptr. 241, 527 P.2d 865].) Plaintiffs' claim is not based on the district attorney's act of preparing the order to destroy the guns or on the judge's act of signing the order. These acts flowed as the natural consequence of plaintiffs' failure to petition for return of the guns. Plaintiffs' claim is based on the failure of the court clerk to give plaintiffs the notice required by section 1418.

We have also considered whether immunity for discretionary acts or judicial immunity bar this suit. It is clear from the language of Penal Code section 1418, quoted above, notice of the method by which the owner may obtain an exhibit was mandatory "[i]f the ownership of such exhibits and the address of the owner can be reasonably ascertained . . . ." There appears to be no doubt in this case about the ownership and location of the owners of the guns. In any event, this would be an issue of fact at trial.

Judicial immunity is not involved here. This is not an action for conversion based on acts of the trial judge. (Cf. *Franklin* v. *Municipal Court, supra,* 26 Cal.App.3d 884.) Although section 1418 spoke of notice by "the court" this does not imply giving the notice was a judicial act or that it could only be performed by a judge. On the contrary, Government Code section 69843 provides, "The clerk of the superior court shall issue all process and notices required to be issued." The superior court clerk is a county employee. (Cal. Const., art. VI, § 4.) The mere fact the clerk performs duties for a court does not clothe the clerk with judicial immunity. (*Lick* v. *Madden* (1868) 36 Cal. 208, 213.) The question whether the court clerk is immune from liability under the doctrine of judicial immunity depends not on his or her status as a clerk of court but on the nature of the act involved. (See, Annot., *Applicability of Judicial Immunity to Acts of Clerk of Court Under State Law,* (1984) 34 A.L.R.4th 1186, 1189 and cases cited therein.) In *Sullivan* v. *County of Los Angeles, supra,* a prisoner was held in jail despite a mandatory duty to release him because "no release order had been issued by the superior court. . . ." (12 Cal.3d at p. 714.) In upholding the plaintiff's suit against the county for false imprisonment the court observed, "Plaintiff might have, but did not, base his claim against the county upon an allegation that the county clerk failed to issue the release order." (*Id.,* at p. 717, fn. 8.)[1]

---

[1]In *Union Bk. & Tr. Co.* v. *Los Angeles Co., supra,* the court held a county is not liable for the tortious acts of the county clerk when he is acting as clerk of the superior court. The court did not base this holding on judicial immunity but on the theory the clerk was not acting under the control of the county. (2 Cal.App.2d at p. 611.) The court's reasoning was criticized in *Price* v. *Superior Court* (1986) 186 Cal.App.3d 156, 162 [230 Cal.Rptr. 442] and it conflicts with the statement in *Sullivan* quoted above. Consequently, we decline to follow *Union Bk. & Tr. Co.* here.

In the case before us, plaintiffs base their claim against the county on the failure by the clerk to give the notice required by Penal Code section 1418.

Nothing in the defendants' declaration supports summary judgment on the conversion cause of action. Therefore, the judgment must be reversed.

## Disposition

The judgment is reversed. It is ordered that defendants' defense of governmental immunity is established as to plaintiffs' cause of action for misrepresentation; that the action be dismissed as to defendant Wells; and, that the action proceed as to the issues remaining between plaintiffs and the County of Los Angeles. The parties are to bear their own costs.

Thompson, J., concurred.

**LILLIE, P. J.,**—I respectfully dissent.

I take issue with the conclusion of the majority that summary judgment in favor of defendant County of Los Angeles must be reversed because the complaint states a cause of action for conversion against it the existence of which was not negated by defendants' papers in support of their motion for summary judgment.

Conversion is any act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein. (*Weiss v. Marcus* (1975) 51 Cal.App.3d 590, 599 [124 Cal.Rptr. 297].) The elements of a cause of action for conversion are (1) plaintiff's ownership or right to possession of the property at the time of the conversion, (2) defendant's conversion by a wrongful act or disposition of plaintiff's property rights, and (3) damages. (*Chartered Bank of London* v. *Chrysler Corp.* (1981) 115 Cal.App.3d 755, 759-760 [171 Cal.Rptr. 748].) The majority opinion asserts that the second element was satisfied by the allegation that the county destroyed the property (a veritable arsenal of 55 firearms, guns of all descriptions) without giving plaintiffs the prior notice required by former section 1418, Penal Code, but the complaint simply does not so allege. What it does allege is that on or about July 1, 1980, "defendants and each of them unlawfully committed acts which proximately caused the destruction of [the guns]." As the majority notes, the complaint incorporated by reference an exhibit attached thereto consisting of plaintiffs' claims for damages for destruction of the guns, presented to the county and rejected by it. It is well settled that "[A]n instrument which is made part of the complaint by reference and attached as an exhibit, but which does not constitute the contract upon which the complaint is based, may not supply substantial allegations

essential to the statement of a cause of action unless the pleading is framed for that purpose and with that end in view." *(Holly Sugar Corp.* v. *Johnson* (1941) 18 Cal.2d 218, 226 [115 P.2d 8].) While this exception applies in the instant case,[1] incorporation of the claim forms into the complaint does not supply the allegation that the county converted plaintiffs' property by failure to comply with the mandate of section 1418 that the court notify plaintiffs of the location of the guns and the method by which plaintiffs could obtain such exhibits. In response to the claim form's request for a detailed description of how the damage occurred, plaintiffs stated: "Deputy D.A. improperly secured unlawful order, without notice to claimant, for destruction of legal weapons, Superior Court case No. A-075951." Asked on the form why they claimed the county was responsible, plaintiffs answered: "Deputy D.A. Wells is a county employee. . . ." The complaint, reasonably interpreted and read as a whole (see *Jones* v. *Daly* (1981) 122 Cal.App.3d 500, 508 [176 Cal.Rptr. 130]), alleged that Deputy District Attorney Wells secured an order for destruction of the guns without notifying plaintiffs of his intention to do so. It was not alleged, either expressly or by reasonable implication from the facts pleaded, that the clerk of the superior court failed to give plaintiffs the notice required by section 1418. Further, and of greater significance, liability of the county was predicated solely on the conduct of Wells; no conduct by any other county employee or officer was alleged. Accordingly, the record does not support the majority's statement that "plaintiffs base their claim against the county on the failure by the clerk to give the notice required by Penal Code section 1418."

Plaintiff Weedman's declaration in opposition to the motion for summary judgment included the following statement: "There was no lawful justification for the destruction of the weapons in dispute and Mr. Wells' proposed order for their destruction was, I hope, not a routine and regular duty of an honest prosecutor, particularly when there was no notice to either plaintiff herein." I interpret this statement to mean that Wells did not give plaintiffs notice of his intention to seek an order for destruction of the guns, not that the court or the clerk of the court failed to give plaintiffs the notice required by section 1418. Even if Weedman's declaration is subject to a contrary interpretation, no cause of action for conversion against the county would thereby be stated. Declarations filed in opposition to a defendant's motion for summary judgment may not create issues outside the pleadings and are not a substitute for an amendment to the pleadings. *(Saatzer* v. *Smith* (1981) 122 Cal.App.3d 512, 520 [176 Cal.Rptr. 68].)

---

[1]The complaint referred to the claims not merely as evidence of compliance with the government tort claims statutes as a condition precedent to the maintenance of this action (Gov. Code, § 945.4), but as a means of setting forth the grounds upon which plaintiffs rested their claim. (See *Holly Sugar Corp.* v. *Johnson, supra,* 18 Cal.2d at p. 226.)

The county's burden on its motion for summary judgment was "only to negate the existence of triable issues of fact in a fashion that entitled it to judgment on the issues raised by the pleadings. [Citation.] It was not required to refute liability on some theoretical possibility not included in the pleadings." (*IT Corp.* v. *Superior Court* (1978) 83 Cal.App.3d 443, 451-452 [147 Cal.Rptr. 828].) Inasmuch as no cause of action for conversion was stated, the county was not required to set forth facts establishing its immunity from liability for that tort in order to be entitled to entry of summary judgment in its favor.

I would affirm the judgment in its entirety.

The petition of respondent City of Los Angeles for review by the Supreme Court was denied July 22, 1987.