[No. B116729. Second Dist., Div. One. Dec. 16, 1998.]

RICHARD LONG, Plaintiff and Appellant, v.
CITY OF LOS ANGELES, Defendant and Respondent.

**COUNSEL**

Michael Morrison for Plaintiff and Appellant.

James K. Hahn, City Attorney, G. Daniel Woodard and Katherine J. Hamilton, Assistant City Attorneys, for Defendant and Respondent.

## OPINION

**ORTEGA, Acting P. J.**—Plaintiff Richard Long appeals from a summary judgment entered for defendant City of Los Angeles based on plaintiff's failure to comply with the claims provisions of the Government Tort Claims Act. (Gov. Code, § 900 et seq.) We conclude, however, that this action for specific recovery of personal property (some 525 birds, their cages, and related items), is exempt from the Tort Claims Act. The exemption is not lost simply because half of plaintiff's birds died while in defendant's possession, thus forcing plaintiff to seek monetary damages in lieu of their return. (*Holt* v. *Kelly* (1978) 20 Cal.3d 560, 565 [143 Cal.Rptr. 625, 574 P.2d 441]; *Minsky* v. *City of Los Angeles* (1974) 11 Cal.3d 113, 121-122, fn. 14 [113 Cal.Rptr. 102, 520 P.2d 726].) We reverse the summary judgment.

### BACKGROUND

Plaintiff kept some 525 birds at his home. In August 1994, the city obtained a search warrant after one of plaintiff's neighbors complained that the birds were being neglected. The city seized the birds.

In December 1994, the city informed plaintiff that he could redeem his birds by reimbursing the city $15,824 for their care and feeding. The city threatened to auction the birds if plaintiff did not redeem them by January 13, 1995.

On January 10, 1995, plaintiff sued the city "for possession of personal property, damages, temporary restraining order and preliminary injunction." (Capitalization omitted.) The complaint alleged the original seizure of the birds was unlawful, and that some of the birds had died or been injured as a result of their wrongful detention.

On January 13, 1995, the trial court issued a temporary restraining order directing the city not to dispose of the remaining birds before the preliminary injunction hearing. On February 9, 1995, the trial court issued a preliminary injunction extending the prohibition until the time of trial. The city returned only about half of plaintiff's birds and only some of the cages.

In September 1995, the city moved for summary judgment, contending plaintiff had failed to comply with the claims requirement of the Government Tort Claims Act. The trial court found there was a triable issue of fact as to whether a claim had been filed.

In July 1997, the city renewed its motion. Again, both sides submitted evidence on whether a claim had been filed. This time, the trial court granted the motion after concluding no claim had been filed. The trial court entered summary judgment for the city. This appeal followed.

## DISCUSSION

■ Summary judgment is appropriate only where no material issue of fact exists or where the record establishes as a matter of law that a cause of action asserted against a party cannot prevail. After examining the facts before the trial judge on a summary judgment motion, an appellate court independently determines their effect as a matter of law. (*Nicholson* v. *Lucas* (1994) 21 Cal.App.4th 1657, 1664 [26 Cal.Rptr.2d 778].) Where, as here, "the facts are undisputed, the issue is one of law and the 'appellate court is free to draw its own conclusions of law from the undisputed facts.' [Citations.]" (*Suburban Motors, Inc.* v. *State Farm Mut. Auto. Ins. Co.* (1990) 218 Cal.App.3d 1354, 1359 [268 Cal.Rptr. 16].)

■ Both parties' appellate briefs focus primarily on whether the trial court correctly determined, as a matter of law, that no claim was filed. The controlling question, however, is whether this case even falls under the Tort Claims Act.

In general, the Government Tort Claims Act provides that ". . . no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to" and rejected by the public entity. (Gov. Code, § 945.4.) The issue we face is whether this action for the return of any birds that survived, and monetary damages for those that did not, may properly be classified as a "suit for money or damages." (*Ibid.*)

Plaintiff alludes to this issue in his opening brief, but without citation to any relevant authority. Plaintiff merely states he is not required to "file two (2) separate lawsuits in Superior Court[, o]ne to obtain the preliminary injunction or temporary restraining order, and another to follow the filing of

the Claim for Damages[.]" In response, the city contends: "Appellant's argument that he should not have been required to file two lawsuits . . . ignores the fundamental issue: was he required to file a claim in order to pursue money damages in conjunction with his suit for equitable relief? There is nothing in the claims statutes themselves that excuses compliance when equitable relief is also sought along with money damages, and respondent is unaware of any judicial authority which would allow that result."

■ Without assistance from counsel, we have found the following controlling judicial authority. In *Holt* v. *Kelly, supra,* 20 Cal.3d 560, the petitioner, Holt, sought a writ of mandate requiring the sheriff, Kelly, to return personal property that had been confiscated upon Holt's arrest. When the missing property could not be accounted for, Holt sought its monetary value. The Court of Appeal concluded that because Holt had failed to comply with the claim filing provisions of the Government Tort Claims Act, he was not entitled to damages. The Supreme Court reversed, finding Holt's action was exempt from the act.

Significantly, the Supreme Court in *Holt* held that where confiscated property is lost and cannot be returned due to the government's own negligence, the government may not benefit from its own wrongdoing by contending the resulting action, necessarily limited to monetary damages, is subject to the Government Tort Claims Act. The Supreme Court stated: "Respondent contends that since some or all of the property is now unavailable he is responsible only by means of a proper claim for money damages and not in mandamus. This position is without merit, especially in light of the fact that any property now missing is the result of respondent's own misconduct. We have heretofore held that mandamus may be brought to start the chain of action designed to compel a ministerial duty by a public officer, even if the ultimate goal may be recovery of a sum of money. [Citations.] It is also clear that mandamus will lie where the recovery of money is merely ancillary to an underlying proceeding which seeks performance of a ministerial duty. [Citations.]" (*Holt* v. *Kelly, supra,* 20 Cal.3d at p. 565, fn. 5.)

The Supreme Court concluded in *Holt*: "For the foregoing reasons we hold that an arrestee who seeks in good faith to specifically recover property taken from him at the time of his arrest is exempt from the claim filing provisions of the Government Code, even though some or all of the property may have been dissipated and respondent may be compelled to respond in damages in lieu of property. The policy of providing prompt notice of claims to governmental entities which underlies the claims statute [citation] has been fully effectuated here by petitioner's prolonged and good faith pursuit

of a mandamus remedy. Respondent may not convert his wrongful dissipation of the property into an advantage by using it to support an essentially dilatory defense based on failure to comply with the claims statutes." (*Holt* v. *Kelly, supra,* 20 Cal.3d at p. 565, fn. omitted.)

*Holt* relied upon *Minsky* v. *City of Los Angeles, supra,* 11 Cal.3d 113, in which the Supreme Court unanimously "held the claims statutes [are] inapplicable to an action by an arrestee for the return of property taken by local police officers at the time of arrest and wrongfully withheld following disposition of the criminal charges. (*Id.* at pp. 123-124.) [The Supreme Court] reasoned [in *Minsky*] that the provisions applied only to claims for money or damages and not to such forms of relief as the specific recovery of property. In addition [the Supreme Court] expressed the view [in *Minsky*] that 'even if the [property] taken from [an] arrestee . . . is no longer traceable to any property presently in defendant's possession and thus is not strictly available for specific recovery, . . . that plaintiff's cause of action would not be foreclosed by the claims statutes. . . . [A]fter a local governmental entity wrongfully withholds an arrestee's property, the arrestee clearly can seek specific recovery of the property while it is still in the possession of the local entity without being limited to the relatively short period for filing claims set forth in the claims statutes. This initial exemption of the action from the claims statute is not lost simply because the city takes the further wrongful step of disposing of the bailed property. The city cannot be permitted to invoke the claims statute, originally not available to it, by virtue of a later wrongful dissipation of the property. To so hold would be in effect to allow the local entity to profit by its own wrong, penalizing a plaintiff who, in light of the specific recovery remedy apparently available to him, justifiably did not file a claim.' (*Id.* at pp. 121-122, fn. 14.)" (*Holt* v. *Kelly, supra,* 20 Cal.3d at pp. 564-565.)

This case is governed by *Holt* and *Minsky.* Although plaintiff sought relief via injunction rather than writ of mandate, the procedural distinction is meaningless for our purposes. As in *Holt,* plaintiff swiftly and in good faith pursued the return of his personal property, thus fulfilling "[t]he policy of providing prompt notice of claims to governmental entities which underlies the claims statute [citation] . . . ." (*Holt* v. *Kelly, supra,* 20 Cal.3d at p. 565.) Having allegedly wrongfully destroyed plaintiff's property, the city may not cite the claims filing statute as a defense to what has become, by virtue of the city's purported misconduct, a damages action. We conclude, as a matter of law, the city is not entitled to summary judgment based upon plaintiff's failure to comply with the claims filing statutes.

## DISPOSITION

We reverse the summary judgment. Plaintiff is awarded costs.

Vogel (Miriam A.), J., and Dunn, J.,* concurred.

---

*Judge of the Municipal Court for the Long Beach Judicial District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.