[No. B207298. Second Dist., Div. Three. Nov. 18, 2008.]

CITY OF LOS ANGELES, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
BRENDAN J. COLLINS et al., Real Parties in Interest.

**COUNSEL**

Rockard J. Delgadillo, City Attorney, Michael L. Claessens and Laurie Rittenberg, Assistant City Attorneys, and Adena M. Hadar, Deputy City Attorney, for Petitioner.

No appearance for Respondent.

Law Offices of S. Chandler Visher, S. Chandler Visher; Law Offices of Matthew J. Witteman, Matthew J. Witteman; Law Offices of Bradley C. Arnold and Bradley C. Arnold for Real Parties in Interest.

OPINION

**CROSKEY, J.**—The City of Los Angeles (city) demanded and collected from persons who were arrested for driving under the influence of alcohol or drugs amounts to compensate the city for its emergency response costs incurred in connection with the incidents. Brendan J. Collins, individually and on behalf of persons similarly situated, presented a claim to the city seeking to recover part of the amounts paid. After the city rejected the claim, Collins sued the city seeking to recover amounts demanded and paid for fixed costs that did not arise directly from the emergency responses. The trial court determined that the Government Claims Act (Gov. Code, § 900 et seq.)[1] did not apply to the claim to recover those amounts and, in certifying plaintiffs' class, defined the class to include all persons who paid the challenged costs up to three years before the date the complaint was filed. The city petitioned this court for extraordinary relief, contending the Government Claims Act applies and limits the class to those persons who paid the challenged costs up to one year before the date of claim presentation.

We conclude that plaintiffs' claim for monetary relief is a claim for "money or damages" within the meaning of section 905, that the claim is not based on an obligation to return specific property held by the city as a bailee, as in *Minsky v. City of Los Angeles* (1974) 11 Cal.3d 113 [113 Cal.Rptr. 102, 520 P.2d 726] (*Minsky*) and its progeny, and that the Government Claims Act applies. We therefore grant the petition.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *Factual Background*

Collins was involved in a collision while driving under the influence of alcohol or drugs and was arrested by the city. The city sent him a bill demanding payment for $966.55 in emergency response costs incurred in connection with the incident. The city subsequently filed a small claims action against Collins and was awarded a judgment in that amount, plus costs. Collins paid the judgment.

Collins, individually and on behalf of persons similarly situated, presented a claim to the city in December 2004, seeking to recover amounts improperly collected. The city rejected the claim.

---

[1] All statutory references are to the Government Code unless stated otherwise.

## 2. Trial Court Proceedings

Collins and Greta F. Hunt filed a class action complaint against the city on March 23, 2005.[2] Their third amended complaint filed in December 2006 alleges that the city improperly demanded and collected amounts for fixed costs that did not arise directly from the emergency responses. The trial court sustained demurrers to several counts alleged in the complaint. The remaining counts are for (1) declaratory relief, (2) injunctive relief, (3) violation of the equal protection clause, and (4) money had and received.

Plaintiffs moved for class certification. They argued that the Government Claims Act did not apply to their claim for monetary relief and that the claim was governed by a three-year limitations period. While the motion was pending, the parties stipulated that the city would not challenge plaintiffs' right to restitution of amounts paid for certain "overhead costs" and that plaintiffs would not seek to recover amounts paid for certain "fringe benefits."

The trial court granted class certification and defined the class to include all persons who were arrested for driving under the influence and billed for emergency response costs, and either (1) were billed after March 23, 2002, or (2) paid a portion of the costs after that date. Citing *Hart v. County of Alameda* (1999) 76 Cal.App.4th 766 [90 Cal.Rptr.2d 386] (*Hart*) and *Gonzales v. State of California* (1977) 68 Cal.App.3d 621 [137 Cal.Rptr. 681] (*Gonzales*), the court determined that the plaintiffs' claim for monetary relief was a "claim for specific recovery of property," and that the Government Claims Act therefore did not apply.

## 3. Petition for Writ of Mandate

The city petitioned this court for a writ of mandate, challenging the determination that the Government Claims Act is inapplicable. We determined that the issues raised deserved immediate appellate review and issued an order to show cause.

## CONTENTION

The city contends the Government Claims Act applies to the count for money had and received and necessarily limits plaintiffs' class to those persons who paid the challenged costs up to one year before the date the claim was presented.

---

[2] We take judicial notice of the complaint. (Evid. Code, § 452, subd. (d).)

## DISCUSSION

### 1. Government Claims Act Requirements

■ A person must present a timely claim for money or damages to a local public entity before suing the local public entity for money or damages, except in specified circumstances that are not relevant here. (§§ 905, 905.2, 915, subd. (a), 945.4.) Section 910 describes the information that a claim must contain, including the name and address of the claimant; the address to which the claimant desires notices to be sent; the date, place, and other circumstances of the incident that gave rise to the claim; a general description of the obligation or loss; the names of the public employees who caused the loss; and the amount of the loss if that amount is less than $10,000.

■ A claim relating to a cause of action for death, personal injury, or injury to personal property or growing crops must be presented within six months after the accrual of the cause of action. (§ 911.2.) A claim relating to any other cause of action must be presented within one year after the date of accrual. (*Ibid.*) The public entity must act on the claim within 45 days after the claim was presented, unless the parties agree to extend the period. (§ 912.4, subds. (a), (b).) If the public entity fails to act within the time provided, the claim is deemed rejected. (§ 912.4, subd. (c).) The public entity must provide written notice of its action on the claim or of the claim's rejection by operation of law. (§ 913.) Any action against a public entity on a cause of action for which a claim was required must be filed within six months after the written notice of the claim's rejection or, if no such notice was provided, within two years after the accrual of the cause of action. (§ 945.6, subd. (a).)

### 2. An Action for Specific Recovery of Money Held by a Public Entity as a Bailee Is Not Subject to the Government Claims Act

■ Section 905 states that the claim presentation requirement applies to "all claims for money or damages against local public entities," except as specified in the statute.[3] The California Supreme Court in *Minsky, supra*, 11 Cal.3d 113, held that an action for specific recovery of money taken from an arrestee and held by the city as a bailee was not a "claim[] for money or damages" within the meaning of the statute. (*Id.* at p. 117.) The plaintiff in *Minsky* alleged that the police had taken $7,720 from his possession upon his arrest, held the money as evidence, and later converted the money by transferring it to a public pension fund. (*Id.* at pp. 117–118.) He alleged counts against the city for conversion and money had and received. (*Id.* at

---

[3] The statutory exceptions are not at issue here.

p. 119, fn. 6.) The trial court sustained a demurrer on the ground that the plaintiff had failed to present a timely claim to the city. (*Id.* at p. 118.)

*Minsky, supra,* 11 Cal.3d 113, concluded that the Government Claims Act was not intended to apply to actions for specific recovery of property. (11 Cal.3d at p. 121.) *Minsky* stated: "[W]e find that the government in effect occupies the position of a bailee when it seizes from an arrestee property that is not shown to be contraband. [Citation.] The arrestee retains his right to eventual specific recovery, whether he seeks to regain tangible property like an automobile, ring, wallet or camera, or whether he seeks to recover a specific sum of money which, under general constructive trust principles, is traceable to property within the possession of the defendant. [Citations.] Although the instant complaint does not expressly seek specific recovery of the money in question, it does contain a general prayer for any such relief as the court may deem just and proper, and under established California authority, the facts alleged by the complaint are sufficient to support a claim for specific recovery of the sums seized and allegedly wrongfully withheld from plaintiff. [Citation.] As such, we hold that noncompliance with the claims statutes erects no bar to the instant action." (*Id.* at pp. 121–122.)

*Minsky, supra,* 11 Cal.3d 113, stated that the Government Claims Act was inapplicable even if the money was no longer traceable to property still in the city's possession and therefore was "not strictly available for specific recovery . . . ." (*Minsky,* at p. 121, fn. 14.) *Minsky* stated that the "initial exemption of the action from the claims statute is not lost simply because the city takes the further wrongful step of disposing of the bailed property. The city cannot be permitted to invoke the claims statute, originally not available to it, by virtue of a later wrongful dissipation of the property. To so hold would be in effect to allow the local entity to profit by its own wrong, penalizing a plaintiff who, in light of the specific recovery remedy apparently available to him, justifiably did not file a claim." (*Id.* at p. 122, fn. 14; accord, *City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 742 [68 Cal.Rptr.3d 295, 171 P.3d 20] (*Stockton*).)

*Minsky, supra,* 11 Cal.3d 113, stated further: "[T]he purposes of the claims statutes indicate that they do not apply to cases in which an owner seeks the return of private property held as bailee by the government and wrongfully retained. So long as the policies of the claims statutes are effectuated, they should be given a liberal construction to permit full adjudication on the merits. [Citation.] The policy underlying the claims statutes is to afford prompt notice of claims to governmental entities. [Citations.] The courts and commentators have considered prompt notice important for several reasons: to allow (1) early investigation of the facts, (2) informed fiscal planning in light of prospective liabilities, (3) settlement of claims before the initiation of costly civil litigation, and (4) avoidance of similarly caused future injuries or

liabilities. [Citations.] None of these reasons apply to the governmental entity owing an affirmative statutory duty to hold private property for eventual return to the lawful owner."[4] (*Minsky, supra*, 11 Cal.3d at pp. 123–124.)

■ The California Supreme Court in *Stockton, supra*, 42 Cal.4th 730, rejected the argument that *Minsky, supra*, 11 Cal.3d 113, stood for the proposition that all restitution claims are exempted from the Government Claims Act requirements. (*Stockton, supra*, 42 Cal.4th at pp. 742–743.) *Stockton* stated: "The *Minsky* rationale is that a claim for specific property effectively held by the government as a 'bailee' for the claimant is not one for 'money or damages' under the Government Claims Act. (*Minsky, supra*, 11 Cal.3d at p. 121.) The *Minsky* court's reference to 'general constructive trust principles' must be understood in that context. (*Ibid.*) Subsequent cases have limited the *Minsky* exception to situations in which the defendant had a duty to return seized property, enforceable by way of mandamus. (*Holt v. Kelly* [(1978)] 20 Cal.3d [560,] 564–565 [143 Cal.Rptr. 625, 574 P.2d 441]; *Long v. City of Los Angeles* [(1998)] 68 Cal.App.4th [782,] 787 [80 Cal.Rptr.2d 583]; *Hibbard v. City of Anaheim* [(1984)] 162 Cal.App.3d [270,] 277 [208 Cal.Rptr. 733]; see *Hart v. County of Alameda* [(1999)] 76 Cal.App.4th [766,] 780–781 [90 Cal.Rptr.2d 386].) When a claim for 'money or damages' is not based on a governmental obligation to return specific property, it is subject to the claim requirements."[5] (*Stockton, supra*, 42 Cal.4th at p. 743, fn. omitted; see also *TrafficSchoolOnline, Inc. v. Clarke* (2003) 112 Cal.App.4th 736, 742 [5 Cal.Rptr.3d 408] ["*Minsky* and the cases relying upon it have not been applied outside the bailee context."].)

*Hart, supra*, 76 Cal.App.4th 766, and *Gonzales, supra*, 68 Cal.App.3d 621, provide no authority for a broader exception to the Government Claims Act requirements. *Hart* involved an action for the return of jury fees deposited with the court. *Hart* stated that those funds that had reverted to the county general fund (see Code Civ. Proc., former § 631.3) had lost their character as deposits held by the court, and held that the Government Claims Act therefore applied to the plaintiffs' claims against the county for the return of those funds. (*Hart, supra*, 76 Cal.App.4th at pp. 780–781.) *Hart* stated further, in dictum, that the Government Claims Act "arguably" would not apply to an action against the court for the return of deposits still held by the county treasurer in trust for the court. (*Hart*, at p. 780.) *Hart* suggested that the court in those circumstances could be characterized as a bailee. (*Ibid.*) Thus, the

---

[4] *Minsky* stated that the facts alleged in the complaint supported a cause of action for violation of section 26640, which requires the return of all money and valuables seized from an arrestee. (*Minsky, supra*, 11 Cal.3d at p. 119 & fn. 5.)

[5] *Holt v. Kelly, supra*, 20 Cal.3d 560, *Long v. City of Los Angeles, supra*, 68 Cal.App.4th 782, and *Hibbard v. City of Anaheim, supra*, 162 Cal.App.3d 270, all involved actions for the return of property that was seized by the local public entity and wrongfully retained or disposed of, or for the value of the seized property.

dictum in *Hart* is consistent with the rule limiting the *Minsky* exception to the Government Claims Act requirements to claims based on a governmental obligation to return specific property.

*Gonzales, supra,* 68 Cal.App.3d 621, involved an action against the state to recover the amounts of fines and penalties paid by convictees whose convictions had been or would be declared unconstitutional. (*Id.* at p. 626.) *Gonzales* stated that the cause of action was based on an implied contract and restitution. (*Id.* at pp. 627–628, 631.) *Gonzales* concluded that the "tort claims statutes" did not apply to causes of action based on contract. (*Gonzales,* at p. 628.) Other opinions have rejected that view, and *Stockton, supra,* 42 Cal.4th at pages 740–743, concluded that the Government Claims Act applies to both contract and tort claims, and that there is no general exception for restitution claims. *Gonzales* also noted the holding in *Minsky, supra,* 11 Cal.3d 113, that the Government Claims Act did not apply to a claim for the specific recovery of property, but did not suggest that the state held the fines and penalties as a bailee or explain why the rule from *Minsky* would apply in those circumstances.

### 3. The Plaintiffs' Claim for Monetary Relief Is a Claim for "Money or Damages" and Is Subject to the Government Claims Act

██ Plaintiffs here seek to recover money paid to the city pursuant to its demands for payment for emergency response services rendered by the city. Unlike the situation in *Minsky, supra,* 11 Cal.3d 113, and its progeny, the city did not seize the money from plaintiffs and hold it for them as a bailee, and was under no obligation to return the specific property. Because plaintiffs' claim for monetary relief is not based on an obligation to return specific property held by the city as a bailee, we conclude that the claim is a claim for "money or damages" within the meaning of section 905 and is subject to the requirements of the Government Claims Act.

The trial court's conclusion that the Government Claims Act was inapplicable affected its determination as to the applicable statute of limitations and the class definition. The city does not challenge other parts of the order granting class certification, and we offer no opinion as to how our decision could affect other parts of the order. We believe that the trial court in the first instance should determine how our decision affects its order and revise the order accordingly.

### DISPOSITION

The petition for writ of mandate is granted. Let a peremptory writ of mandate issue directing the trial court to vacate its order of February 2, 2008,

and enter a new order consistent with the views expressed in this opinion. The city is entitled to recover its costs in this writ proceeding.

Klein, P. J., and Aldrich, J., concurred.

The petition of real parties in interest for review by the Supreme Court was denied February 11, 2009, S169246. Werdegar, J., did not participate therein.