[No. F055455. Fifth Dist. Apr. 29, 2009.]

CARL SPARKS, Plaintiff and Appellant, v.
KERN COUNTY BOARD OF SUPERVISORS, Defendant and Respondent;
COUNTY OF KERN, Real Party in Interest and Respondent.

**COUNSEL**

Jones & Mayer, Martin J. Mayer and Paul R. Coble for Plaintiff and Appellant.

Kuhs & Parker, William C. Kuhs and Robert G. Kuhs for Defendant and Respondent and for Real Party in Interest and Respondent.

**OPINION**

**LEVY, Acting P. J.**—Appellant, Carl Sparks, served as the elected sheriff of respondent, County of Kern (County), from 1991 through 2002. In October 2004, the County filed an action against Sparks alleging that Sparks falsely certified sheriff's department payrolls resulting in certain employees receiving

unauthorized premium pay adjustments. In November 2004, and again in April 2005, Sparks requested the County to provide him with a defense. The County denied these requests and Sparks provided his own defense. At trial, the court granted Sparks's motions for a directed verdict and a nonsuit, and judgment was entered in his favor.[1]

Sparks filed the underlying petition for writ of mandate against respondent, Kern County Board of Supervisors (Board), seeking reimbursement of the attorney fees and costs incurred by him in defending the County's action under Government Code[2] section 996.4. The trial court denied the petition on the ground that Sparks had not presented a claim to the County before filing the petition as required by the Government Claims Act. (§ 810 et seq.)

On appeal, Sparks argues that the claims filing requirements do not apply to a writ petition brought to enforce a public employee's right to a defense under section 995. Sparks further contends that, if the claims filing requirements do apply, he substantially complied when he requested the County to provide him with a defense.

As discussed below, Sparks was required to present a claim to the County before filing his petition. Moreover, the letters sent by Sparks requesting a defense did not substantially comply with this prerequisite. Accordingly, the judgment will be affirmed.

## DISCUSSION

1. *Sparks was required to present a claim to the County before filing the petition.*

■ With certain exceptions, upon request, a public entity must provide for the defense of any civil action or proceeding brought against an employee or former employee on account of that employee's act or omission in the scope of employment. (§ 995.) If after request, a public entity refuses to provide a defense and the employee retains counsel, that employee is "entitled" to recover reasonable attorney fees and costs if the action or proceeding arose out of an act or omission in the scope of employment unless the public entity establishes the existence of one of the specified exceptions. (§ 996.4.) The issue here is whether the Government Claims Act applies to a petition filed to recover such defense costs pursuant to section 996.4.

---

[1] On appeal, this court held that the nonsuit/directed verdict motions should not have been granted on the False Claims Act (Gov. Code, § 12650 et seq.) cause of action. (*County of Kern v. Sparks* (2007) 149 Cal.App.4th 11 [56 Cal.Rptr.3d 551].) Nevertheless, following remand, the County dismissed the action.

[2] All further statutory references are to the Government Code unless otherwise indicated.

■ Under the Government Claims Act, "no suit for 'money or damages' may be brought against a public entity until a written claim has been presented to the entity and the claim either has been acted upon or is deemed to have been rejected. (§§ 905, 945.4.)" (*Canova v. Trustees of Imperial Irrigation Dist. Employee Pension Plan* (2007) 150 Cal.App.4th 1487, 1493 [59 Cal.Rptr.3d 587].) Such a suit includes all actions where the plaintiff is seeking monetary relief. (*Hart v. County of Alameda* (1999) 76 Cal.App.4th 766, 778 [90 Cal.Rptr.2d 386].) Accordingly, the claims presentation requirement applies to all forms of monetary demands, regardless of the theory of the action. (*Id.* at pp. 778–779.) This includes a mandamus action seeking monetary reimbursement. (*Madera Community Hospital v. County of Madera* (1984) 155 Cal.App.3d 136, 148–149 [201 Cal.Rptr. 768].) The failure to timely present a claim for money or damages to a public entity bars the plaintiff from bringing suit against that entity. (*City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 738 [68 Cal.Rptr.3d 295, 171 P.3d 20].)

■ The policy underlying the claims presentation requirements is to afford prompt notice to public entities. This permits early investigation and evaluation of the claim and informed fiscal planning in light of prospective liabilities. (*Escamilla v. Department of Corrections & Rehabilitation* (2006) 141 Cal.App.4th 498, 513 [46 Cal.Rptr.3d 408].) The purpose is not to prevent surprise. (*City of Stockton v. Superior Court, supra*, 42 Cal.4th at p. 738.) Rather, claims statutes must be satisfied even in the face of the public entity's actual knowledge of the circumstances surrounding the claim. (*Ibid.*)

Sparks argues that his writ petition is exempt from the claims statutes because he is not seeking "money damages."[3] Rather, Sparks contends, he is seeking to compel the Board to perform a duty enjoined by law, i.e., to reimburse him for the cost of his defense. Sparks relies on authority holding that a party need not comply with the Government Claims Act when bringing an action either for (1) injunctive or declaratory relief where monetary relief is merely incidental to the primary relief sought (see generally *Lozada v. City and County of San Francisco* (2006) 145 Cal.App.4th 1139, 1164–1165 [52 Cal.Rptr.3d 209]); or (2) for the return of specific property (see generally *Escamilla v. Department of Corrections & Rehabilitation, supra*, 141 Cal.App.4th at pp. 506–509).

First, Sparks is not seeking the return of specific property. Sparks identifies no specific property held by respondents that he is entitled to recover. The exemption Sparks relies on has not been applied outside the bailee context, i.e., specific property seized by the government and wrongfully retained. (*City*

---

[3] It should be noted that Sparks has misstated the statute. A claim is required before suing a public entity for money *or* damages. Thus, the claim requirement applies to all forms of monetary demands. (*City of Stockton v. Superior Court, supra*, 42 Cal.4th at p. 739.)

*of Los Angeles v. Superior Court* (2008) 168 Cal.App.4th 422, 429 [85 Cal.Rptr.3d 560].) The rationale behind exempting actions for specific recovery property from the Government Claims Act is that a claim for specific property effectively held by the government as a bailee for the claimant is not one for money or damages. (*City of Stockton v. Superior Court, supra,* 42 Cal.4th at pp. 742–743.)

▪ Here, the claim for monetary relief is not based on an obligation to return specific property held by the County as bailee. (Cf. *City of Los Angeles v. Superior Court, supra,* 168 Cal.App.4th at p. 430.) "When a claim for 'money or damages' is not based on a governmental obligation to return specific property, it is subject to the claim requirements." (*City of Stockton v. Superior Court, supra,* 42 Cal.4th at p. 743.)

▪ Sparks is also not seeking injunctive relief, i.e., a writ to compel the County to perform its duty of providing a defense. Rather Sparks is only seeking reimbursement of defense costs already incurred. Actions for restitution or reimbursement are subject to the claim requirements. (*City of Stockton v. Superior Court, supra,* 42 Cal.4th at pp. 742–743 [claim for restitution based on alleged breach of contract]; *Madera Community Hospital v. County of Madera, supra,* 155 Cal.App.3d at pp. 148–149 [claim for reimbursement of costs of indigent patient care].) Since Sparks's claim is for money alone, he was required to satisfy the claims statutes prior to filing his petition for writ of mandate.

2. *Sparks did not satisfy the claims presentation requirement.*

Sparks wrote both a letter to the County's legal counsel requesting that he be provided a defense and a letter to the Board regarding the underlying action. According to Sparks, these letters satisfied the claim requirement.

By letter dated April 11, 2005, Sparks requested that the County provide, at its expense, separate legal counsel for his defense of the County's action against him. In doing so, Sparks stated "This is not an analysis of duties to defend as found in the Tort Claims Act but, rather, an analysis of the duty to provide separate counsel pursuant to §31000.6 where, as here, a conflict exists in the dual representation of both the County and Sheriff Sparks by the same attorney(s)." The County denied this request.

Sparks wrote to the Board on March 27, 2006. In this letter, which was copied to the local newspaper and television stations, Sparks chronicled the proceedings in the underlying case and opined that the Board should not approve additional litigation costs for the County. Sparks made no reference to his own defense costs.

■ The requirements for a notice of claim are listed in section 910. This information includes the circumstances of the occurrence or transaction that gave rise to the claim asserted; a general description of the indebtedness, obligation, injury, damage or loss incurred so far as may be known; and either the claimed amount if less than $10,000, or if the claimed amount exceeds $10,000, whether the claim would be a limited civil case.

■ "Where a claimant has attempted to comply with the claim requirements but the claim is deficient in some way, the doctrine of substantial compliance may validate the claim 'if it substantially complies with all of the statutory requirements . . . even though it is technically deficient in one or more particulars.' " (*Connelly v. County of Fresno* (2006) 146 Cal.App.4th 29, 38 [52 Cal.Rptr.3d 720].) However, the doctrine " 'cannot cure total omission of an essential element from the claim or remedy a plaintiff's failure to comply meaningfully with the statute.' " (*Ibid.*)

Here, neither letter substantially complies with the claim requirements. As stated by Sparks, the April 11, 2005, letter was not a request for representation under the Government Claims Act. Accordingly, that letter cannot be construed as a demand for reimbursement under sections 995 and 996.4. Similarly, the March 27, 2006, letter cannot be construed as a "claim." It makes no reference to Sparks's defense costs. Rather, Sparks was urging the Board to deny the County's request for future litigation costs and fees.

■ Sparks further argues that the Board and the County waived any defense as to the sufficiency of the claim based upon a defect or omission in the claim as presented because they did not give Sparks written notice of any such defects or omissions. (§§ 910.8 & 911.) However, "[f]or a document to constitute a 'claim as presented' under section 910.8, it must 'disclose[] the existence of a "claim" which, if not satisfactorily resolved, will result in a lawsuit against the entity.' " (*City of Stockton v. Superior Court, supra*, 42 Cal.4th at p. 744.) As discussed above, neither of Sparks's letters disclosed the existence of his claim for reimbursement of defense costs. Therefore, neither letter qualified as a "claim as presented."

■ In sum, Sparks was required to, but did not, comply with the claims presentation requirements. Accordingly, his claim for reimbursement of attorney fees and costs incurred in defending against the underlying action is barred.

## DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to respondents.

Hill, J., and Kane, J., concurred.

On May 13, 2009, the opinion was modified to read as printed above.