Filed 2/17/23  Stabb v. County of Kern CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| VINDA STAAB et al., Plaintiffs and Appellants, v. COUNTY OF KERN, Defendant and Respondent. | F083508 (Super. Ct. No. BCV-20-101981) **OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  David R. Lampe, Judge.

Law Offices of Ralph B. Wegis, Ralph B. Wegis and Edward Gordon for Plaintiffs and Appellants.

Ericksen Arbuthnot and Michael Lehman; Andrew Hamilton, County Counsel, for Defendant and Respondent.

-ooOoo-

John Dominic Staab (Staab) was tragically killed when he was hit by a truck while bicycling on a public highway.  His surviving wife and daughter, Vinda Staab and Shelby Staab (collectively, plaintiffs), filed a lawsuit against the County of Kern (County) and two other public entities seeking damages for his wrongful death based on the highway's

allegedly dangerous condition. Before the suit was filed, the "Estate of John Dominic Staab" (the Estate) presented a claim for wrongful death to the County pursuant to the Government Claims Act (Gov. Code, § 810 et seq.) (the Act),[1] which the County rejected. The trial court granted the County's motion for judgment on the pleadings on the ground plaintiffs had not presented a claim to the County in their own names before filing the lawsuit.

On appeal from the resulting judgment in the County's favor, plaintiffs argue they may rely on the Estate's claim to satisfy their obligation to present a claim to the County and, in any event, the claim substantially complied with the Act and the County should be estopped from arguing their failure to comply with the claim presentation requirements. Based on established law, we find no merit to plaintiffs' arguments, and we must affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### The Government Claim and the County's Rejection

On February 27, 2020, the Estate presented a claim to the County through its attorney, Ralph B. Wegis. The claim stated: "This is a claim being presented by the Estate of John Dominic Staab for his wrongful death arising out of a bicycle crash on Alfred Harrell Highway in an unincorporated area of Kern County on August 31, 2019." The claim further stated "[a]ny communication to the Estate of John Dominic Staab or their attorneys, can be achieved by contacting" the Law Offices of Ralph B. Wegis.

The claim contained a detailed statement of the accident alleged to have caused Staab's death and the purported dangerous condition of the intersection where the accident occurred. The claim did not describe the claimed damages or list their amount, but stated that "[g]iven Staab's death, any action in the Kern County Superior Court would be an unlimited civil case." Wegis signed the claim, stating he is "the person presenting this claim on behalf of Claimant, Estate of John Dominic Staab." The claim

---

[1] Undesignated statutory references are to the Government Code.

does not name any party other than the Estate, does not mention Vinda Staab or Shelby Staab, either by name or description, and does not state whether Staab was married or had children.

The County rejected the claim on its merits on March 13, 2020. The County's notice, which was addressed to Wegis, stated the claimant was "Estate of John Dominic Staab." The County asserted it was not the entity against whom the claim should be addressed as it "does not own, operate, control, supervise or maintain or have jurisdiction over the intersection," and it was informed and believed the City of Bakersfield was the correct entity. The County advised "[y]ou should investigate the identity of the proper entity or other potential defendants promptly, to protect your rights."

***The Complaint***

On August 25, 2020, plaintiffs filed a complaint naming the State of California, the City of Bakersfield, and the County as defendants, asserting causes of action for negligence, premises liability, and dangerous condition of public property. The complaint identifies Vinda Staab as Staab's wife and Shelby Staab as his daughter. The complaint alleges compliance with the Act, stating with respect to the County that "plaintiffs, as the Estate of John Dominic Staab," filed a claim against the County "arising out of the County's failure to properly maintain the roadways and bicycle paths in the area where the wrongful death of decedent John Dominic Staab occurred," and the County "rejected plaintiffs' Claim" on March 13, 2020.

***The Motion for Judgment on the Pleadings***

The County answered the complaint, but then later filed a motion for judgment on the pleadings on the following pertinent grounds: (1) the trial court lacked jurisdiction to hear plaintiffs' claims because they failed to comply with the Act's claims presentation requirement and the time to do so had passed; and (2) plaintiffs failed to state a claim as to any cause of action because they did not adequately allege compliance with the claims presentation requirement.

3.

The County argued plaintiffs could not rely on the claim the Estate presented to satisfy the claims presentation requirement but rather were required to submit their own claims, and their failure to do so barred their suit against the County. The County further argued plaintiffs' allegations they complied with the Act were contradicted by the judicially noticeable fact they did not comply with the Act. The County asked the trial court to take judicial notice of the following: (1) plaintiffs' complaint; (2) that the County "is a 'public entity' within the meaning of the Government Claims Act"; (3) that the "Estate of John Dominic Staab" filed a claim under the Act; and (4) that plaintiffs did not file a claim under the Act.

In opposing the motion, plaintiffs asserted the reference to the Estate in the claim without listing Vinda Staab and Shelby Staab as claimants was due to a "scrivener's error of omission in typing out their names." Plaintiffs asserted they substantially complied with the Act's claims presentation requirement. Plaintiffs argued that because only Staab's survivors could bring a wrongful death cause of action and the claim states it is for wrongful death, the face of the claim should have raised questions about the claimant's identity; therefore, the County was required to provide notice of the defect to the Estate. Plaintiffs asserted the County waived the issue by failing to raise it when the claim was filed. Plaintiffs further argued because the County rejected the claim based on lack of control or jurisdiction over the accident site, it was estopped from asserting noncompliance with the claims presentation requirement since its rejection induced plaintiffs "from rectifying any error in the caption of the claim."

In reply, the County argued: it did not have a duty to identify and seek out other possible claimants who had potential claims against it; it was not obligated to give the claimant notice to correct any deficiency; the claim did not provide it with all required information as to plaintiffs; plaintiffs failed to address the elements of estoppel or identify any facts the County concealed from them; and the doctrine of substantial compliance does not apply because plaintiffs did not file claims.

4.

Following oral argument on the motion, the trial court took the matter under submission. The trial court subsequently issued a written ruling granting the motion without leave to amend. The trial court noted the only claim filed in conjunction with Staab's death was filed by his Estate and explained that while plaintiffs argued the claim should be read to include them because it included the phrase "wrongful death," the argument went against well-settled authority holding each claimant must file his or her own claim and one claimant may not rely on a claim presented by another.

The trial court rejected plaintiffs' substantial compliance argument, finding they misapplied the doctrine as it only applies when the statutory requirements have been met but there is a defect in form. The trial court found plaintiffs' alternative contention that the County is estopped from asserting failure to comply with the claim filing requirements was meritless. The trial court determined plaintiffs failed to properly address the elements of estoppel and, in any event, they did not offer any reasonable basis to show the County knew of plaintiffs' existence and should have investigated the identities of potential claimants, as nothing in the claim could be perceived as notifying the County of plaintiffs or their connection to the claim since the claim does not reference them or assert their existence. The trial court granted the County's request for judicial notice of its status as a public entity, that the Estate filed a claim pursuant to the Act, and that plaintiffs did not file a claim, and granted judicial notice of the complaint.

Judgment was entered in favor of the County on October 8, 2021.

## DISCUSSION

### *Standard of Review*

" ' "The standard of review for a motion for judgment on the pleadings is the same as that for a general demurrer: We treat the pleadings as admitting all of the material facts properly pleaded, but not any contentions, deductions or conclusions of fact or law contained therein…. We review the complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any theory." ' " (*Tarin v. Lind* (2020)

5.

47 Cal.App.5th 395, 403–404.) "[W]e independently determine whether, on the state of the pleadings and any matters that may be judicially noticed, it appears the [County] was entitled to judgment as a matter of law." (*Ventura Coastal, LLC v. Occupational Safety & Health Appeals Bd.* (2020) 58 Cal.App.5th 1, 14.) "We may rely on any applicable legal theory in affirming or reversing because we ' "review the trial court's disposition of the matter, not its reasons for the disposition." ' " (*Sanchez v. City of Modesto* (2006) 145 Cal.App.4th 660, 671.)

***Plaintiffs Failed to Submit a Claim***

As a prerequisite to any action for money or damages against a local public entity, the Act requires the timely presentation of a written claim to the public entity. (§§ 905, 945.4; *City of San Jose v. Superior Court* (1974) 12 Cal.3d 447, 454 [failure to comply with this requirement is fatal to the cause of action].) "The failure to timely present a claim for money or damages to a public entity bars the plaintiff from bringing suit against that entity." (*Sparks v. Kern County Bd. of Supervisors* (2009) 173 Cal.App.4th 794, 798.)

The purpose of the claims presentation requirement is to "provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." (*City of San Jose v. Superior Court*, *supra*, 12 Cal.3d at p. 455.) "The purpose is not to prevent surprise. [Citation.] Rather, claims statutes must be satisfied even in the face of the public entity's actual knowledge of the circumstances surrounding the claim." (*Sparks v. Kern County Bd. of Supervisors*, *supra*, 173 Cal.App.4th at p. 798.) It is plaintiffs' burden to allege facts demonstrating or excusing compliance with the claim presentation requirement. (*State of California v. Superior Court* (*Bodde*) (2004) 32 Cal.4th 1234, 1241.)

Here, plaintiffs alleged they complied with the Act by filing a claim with the County "as the Estate of John Dominic Staab." Plaintiffs concede the only claim filed in conjunction with Staab's death was the one that named his Estate as the claimant and that

their names are not included in the claim, which they assert was due to "a scrivener's error." The issue is whether plaintiffs may rely on the Estate's claim to satisfy their own obligation to present claims in their own names.

It is well settled that each claimant must file his or her own tort claim, and "[w]hen people suffer separate and distinct injuries from the same act or omission, they must each submit a claim," and "[o]ne claimant cannot rely on a claim presented by another." (*Castaneda v. Department of Corrections & Rehabilitation* (2013) 212 Cal.App.4th 1051, 1062–1063 (*Castaneda*) [separate tort claims required for decedent's predeath survival causes of action and daughter's wrongful death claim]; accord, *Nelson v. County of Los Angeles* (2003) 113 Cal.App.4th 783, 796–797; *Nguyen v. Los Angeles County Harbor/UCLA Medical Center* (1992) 8 Cal.App.4th 729, 733–734 [claim filed for injured child does not permit parents to sue for negligent infliction of emotional distress].)

This principle applies in wrongful death actions when one heir attempts to rely on a claim filed by another heir. In *Petersen v. City of Vallejo* (1968) 259 Cal.App.2d 757 (*Petersen*), a daughter who was the administratrix of her father's estate never filed a claim in either her individual or representative capacity against the government tortfeasors she alleged were responsible for her father's death. (*Id.* at pp. 764–765.) Her mother, however, who was a co-plaintiff in the wrongful death action, filed a claim, and while the text of the claim was not in the record, it was presumed to include damages for her own injuries, as well as damages for the loss of her husband. (*Id.* at p. 765.) The appellate court affirmed the trial court's grant of the governmental entities' summary judgment motions with respect to the daughter's wrongful death cause of action based on her failure to file a claim. (*Ibid.*)

The daughter attempted to rely on her mother's claim to satisfy the claim presentation requirement. First, she argued her mother's claim was implicitly filed on behalf of all heirs who might be entitled to a share in any eventual recovery in the

wrongful death action and that claim was sufficient to allow the governmental entities to investigate and settle the claim. (*Petersen*, *supra*, 259 Cal.App.2d at p. 766.) The appellate court rejected this argument, as it is generally recognized a claimant's failure to file a timely claim is not excused by the mere fact the governmental entity has some notice or knowledge of the accident and possible claim. (*Ibid.*) Moreover, there was nothing in the record to suggest the mother was acting as an agent on her daughter's behalf, that the daughter was named as a claimant, or that any sum was claimed on the daughter's behalf. (*Ibid.*)

The appellate court also rejected the daughter's contention she was entitled to rely on her mother's claim "on the theory that there can be only one action, and therefore one claim for wrongful death." (*Petersen*, *supra*, 259 Cal.App.2d at p. 765.) The appellate court relied on *Cross v. Pacific Gas & Electric Co.* (1964) 60 Cal.2d 690, 692, which it quoted for "the following principles: '[The wrongful death statute] is a procedural statute establishing compulsory joinder and not a statute creating a joint cause of action. Otherwise, its provisions could not be waived. [Citations.] Although recovery under [the statute] is in the form of a "lump sum," the amount is determined in accordance with the various heirs' separate interests in the deceased's life and the loss suffered by each by reason of the death, and no recovery can be had by an heir who did not sustain a loss. [Citation.] Accordingly, each heir should be regarded as having a personal and separate cause of action.' " (*Petersen*, *supra*, 259 Cal.App.2d at pp. 766–767.)

Finally, the daughter contended one of the governmental entities was estopped or had waived the right to assert she failed to file a claim because the entity did not raise the issue until it moved for summary judgment. (*Petersen*, *supra*, 259 Cal.App.2d at p. 767.) The appellate court recognized another case found an estoppel where the public entity filed an answer that failed to raise the issue of noncompliance with the claim presentation requirement when there was ample time remaining to comply with the claim statute, but

the court found that case distinguishable, as the time for the daughter to apply to file a late claim expired long before the wrongful death action was filed. (*Ibid.*)

The rationale of the *Petersen* decision applies equally here. The claim presented to the County named only the "Estate of John Dominic Staab" as the claimant and did not identify plaintiffs by name or description. That the County had notice or knowledge of Staab's accident and that a wrongful death action may result does not excuse plaintiffs' failure to file a timely claim in their own names as required by the Act. There is nothing to indicate the Estate filed the claim on plaintiffs' behalf as their agent or that any sum was claimed on their behalf. Since plaintiffs' wrongful death claims are personal to them and each is only entitled to recover damages for their own pecuniary loss, they were required to submit their own claims to the County and their failure to do so precludes their wrongful death actions against the County.

Plaintiffs argue they may rely on the Estate's claim because it specifically stated it was for wrongful death and a wrongful death claim can only be made on behalf of Staab's survivors, citing Code of Civil Procedure section 377.60.[2] But this argument was rejected in *Petersen*, as in a wrongful death action, each surviving heir has their own claim for their own injuries, and we cannot imply they were included in the Estate's claim solely because the Estate was the claimant. Plaintiffs assert that because the Estate could not assert a wrongful death claim in its own name, the onus was on the County to investigate the identity of the potential claimants. The County, however, was not obligated to determine who the potential claimants were, as the failure to file a claim is

---

[2] Code of Civil Procedure section 377.60 provides in pertinent part: "A cause of action for the death of a person caused by the wrongful act or neglect of another may be asserted by any of the following persons or by the decedent's personal representative on their behalf: [¶] (a) The decedents' surviving spouse, domestic partner, children, and issue of deceased children, or, if there is no surviving issue of the decedent, the persons, including the surviving spouse or domestic partner, who would be entitled to the property of the decedent by intestate succession…."

not excused by the County's notice or knowledge of the accident and the possibility of a claim. (*Petersen*, *supra*, 259 Cal.App.2d at p. 766.) Instead, the onus was on plaintiffs to provide their identities to the County so it could investigate and evaluate their claims, which were unique to each plaintiff.

Plaintiffs assert *Petersen* is distinguishable because it was not clear in *Petersen* whether the mother asserted her husband's wrongful death in her claim, and here, the Estate, not one of the heirs, submitted the claim, which specifically stated it was for wrongful death. The appellate court in *Petersen*, however, presumed the mother sought damages for her husband's wrongful death in her claim and based on that presumption, concluded the daughter could not rely on her mother's claim to excuse her failure to file a timely claim. (*Petersen*, *supra*, 259 Cal.App.2d at pp. 765–766.) This applies equally here, where the Estate filed the only claim, as there is nothing to indicate the Estate filed the claim on plaintiffs' behalf, and the claim did not name either plaintiff as a claimant or claim damages on their behalf. (*Id.* at p. 766.)

***Substantial Compliance***

Plaintiffs next contend the Estate's claim should be read to include them because it substantially complies with the Act's claims presentation requirements. "Where a claimant has attempted to comply with the claim requirements but the claim is deficient in some way, the doctrine of substantial compliance may validate the claim 'if it substantially complies with all of the statutory requirements … even though it is technically deficient in one or more particulars.' " (*Connelly v. County of Fresno* (2006) 146 Cal.App.4th 29, 38.) The doctrine, however, " 'cannot cure total omission of an essential element from the claim or remedy a plaintiff's failure to comply meaningfully with the statute.' " (*Ibid.*)

Thus, the substantial compliance doctrine cannot apply when a person has not filed a claim: "[T]he statutory requirements [for filing a claim] have not been met by the person who has not filed a claim, and the doctrine of substantial compliance (which

applies only when there is a defect in form but the statutory requirements have otherwise been met) does not apply." (*Nelson v. County of Los Angeles*, *supra*, 113 Cal.App.4th at p. 797.) Since plaintiffs did not present a claim in their names, they cannot rely on the substantial compliance doctrine.

Plaintiffs compare their circumstances to *Lacy v. City of Monrovia* (1974) 44 Cal.App.3d 152 (*Lacy*). There, a husband, wife, and their three minor children filed a lawsuit against a city alleging police officers illegally entered their home and terrorized them. (*Id.* at p. 154.) The husband had submitted a claim for damages to the city, describing the injuries to himself, his wife, and their children. (*Id.* at pp. 153–154.) The city moved for summary judgment on the wife's and children's causes of action, contending only the husband properly presented a claim. (*Id.* at p. 154.) The trial court determined the claim was sufficient to support the causes of action by the husband and children, but not the wife. (*Ibid.*) The sole issue on appeal was whether the husband's claim was sufficient to support the wife's cause of action. (*Ibid.*)

The appellate court concluded that based on the wording of the husband's claim, it was clear the claim was presented to the city "on his own behalf and on the behalf of his wife and children." (*Lacy*, *supra*, 44 Cal.App.3d at p. 155.) The claim essentially listed the wife's claim as one of the items of damages, by stating it sought $10,000 in damages "for detention, humiliation and embarrassment and threat to my wife's life." (*Id.* at pp. 155–156.) The court concluded the husband's claim accomplished the principal purposes of the claims statute, namely, to give the public entity the opportunity to investigate the claim and avoid unnecessary litigation by settling meritorious claims, as the claim's contents gave the city all the notice and knowledge it needed concerning the wife's claim. (*Id.* at p. 155.) Since a bona fide attempt was made to comply with the claims statute and the city had notice of the incident giving rise to the claim, as well as the names of all persons seeking damages and the amount of damages claimed, the

appellate court reversed the judgment in the city's favor on the wife's cause of action. (*Id.* at p. 157.)

Contrary to plaintiffs' assertions, this decision does not assist them. While plaintiffs assert the wording of the Estate's claim gave the County all the notice and knowledge it needed concerning their claims, the claim did not identify plaintiffs by name or description or describe the damages they suffered. For that reason, *Lacy* is distinguishable, as there the husband's claim identified his wife and described her injuries.[3] Had the Estate's claim contained similar information, such as identifying Staab's wife and daughter and describing their injuries, the claim would be sufficient to allow plaintiffs to proceed. The claim, however, does not mention either plaintiff or describe their injuries; therefore, it did not provide the County with notice or knowledge of their claims.

Plaintiffs contend if the County was confused about who the claimants were or what the claim was, it was required to provide notice that the claim was deficient. A public entity that believes the claim as presented fails to comply substantially with the requirements of sections 910 and 910.2[4] may give written notice of any defects or omissions as provided in section 910.8, and its failure to give such notice results in a

---

[3]     Plaintiffs are under the misapprehension that *Lacy* involved an omitted child who was not named in the husband's claim. But a careful reading of the decision shows the issue was whether the husband's claim was sufficient to support the wife's cause of action, where the wife was identified in the claim and her damages, and their amount, were described in the claim. (*Lacy*, *supra*, 44 Cal.App.3d at pp. 154–156.)

[4]     Section 910 provides that a claim must be presented by the claimant or someone acting on the claimant's behalf and sets forth the information that must be included in the claim:  (1) the claimant's name and address; (2) the address to which notices should be sent; (3) the date, place, and other circumstances of the occurrence giving rise to the claim; (4) a general description of the "injury, damage or loss incurred"; and (5) if the amount claimed exceeds $10,000, indicate whether the claim would be a limited civil case.  Section 910.2 provides that the claim must be signed by the claimant or someone acting on the claimant's behalf.

waiver of any defense as to the sufficiency of the claim based on a defect or omission in the claim as presented. (*Connelly v. County of Fresno*, *supra*, 146 Cal.App.4th at p. 38.) But without filing a claim indicating their intent to sue, plaintiffs have not presented a claim that would trigger the Act's notice and defense-waiver provisions. (*Castaneda*, *supra*, 212 Cal.App.4th at pp. 1068–1069.) Plaintiffs do not cite any authority that a claim that fails to identify certain claimants is deficient, thereby requiring the public entity to give notice of the failure to identify those claimants or waive the defense of a plaintiff's complete failure to present a claim.

### Estoppel

Finally, plaintiffs contend the County is estopped from asserting their noncompliance with the Act because the County rejected the Estate's claim on the basis that it did not control the accident site. Plaintiffs argue the County prevented or deterred them from filing their own claims when it denied the Estate's claim on the ground it was not responsible for the accident site and did not point out the clear "scrivener's error contained within the Claim."

" 'A public entity may be estopped from asserting the limitations of the tort claims statutes where its agents or employees *have prevented or deterred the filing of a timely claim by some affirmative act*. The required elements for an equitable estoppel are: (1) the party to be estopped must be apprised of the facts; (2) the party to be estopped must intend his or her conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) the other party must rely upon the conduct to his or her injury.' " (*Castaneda*, *supra*, 212 Cal.App.4th at p. 1064.)

As the trial court found, plaintiffs failed to offer any reasonable basis to argue the County was apprised of the facts—that it knew of plaintiffs' existence and should have investigated the identities of potential claimants. Nothing in the Estate's claim could be perceived as notifying the County of plaintiffs or their connection to the claim, as the

13.

claim does not reference them or assert their existence. Even if the County had actual knowledge of plaintiffs' existence, " ' "[i]t is well-settled that claims statutes must be satisfied even in [the] face of the public entity's actual knowledge of the circumstances surrounding the claim. Such knowledge—standing alone—constitutes neither substantial compliance nor basis for estoppel." ' " (*Nguyen v. Los Angeles County Harbor/UCLA Medical Center*, *supra*, 8 Cal.App.4th at p. 734.)

While plaintiffs claim they were misled by the County rejecting the claim on the merits, they do not cite any authority requiring the County to advise them that any heirs needed to file their own claims. Denying the Estate's claim on the merits is not a misleading statement about the need for any heirs to file their own claims. (*Castaneda*, *supra*, 212 Cal.App.4th at p. 1064 [" '[e]stoppel most commonly results from misleading statements *about the need for or advisability of a claim*' "].) The County did not affirmatively tell plaintiffs they were entitled to rely on the Estate's claim to satisfy their own claim presentation requirements or there was no need for them to file their own claims.

Essentially, plaintiffs are contending the County was obligated to inform them of their attorney's failure to include their names in the Estate's claim, which plaintiffs concede were omitted due to a mistake in drafting the claim. But because plaintiffs were represented by counsel, they could not reasonably rely on the County's conduct to decide not to file their own claims or to correct the Estate's claim. (*Castaneda*, *supra*, 212 Cal.App.4th at pp. 1066–1067 [the law " 'disfavors estoppels "where the party attempting to raise the estoppel is represented by an attorney at law," ' " as attorneys are charged with knowledge of California law].) Plaintiffs' counsel should know the requirements of the Act and is not entitled to rely on the County to inform him of the law.

In sum, plaintiffs were required to present a claim in their own names. The Estate's claim does not satisfy this requirement because it does not mention plaintiffs either by name or designation or describe their injuries. Because plaintiffs did not file

14.

their own claim, they cannot rely on the doctrine of substantial compliance. Finally, estoppel cannot apply because the County did not know their identities and was not required to investigate the identities of potential claimants, and plaintiffs could not reasonably rely on the County's denial of the Estate's claim to decide not to file their own claims. As plaintiffs did not timely present a claim and their failure was not excused, the trial court did not err in granting the County's motion for judgment on the pleadings.

## **DISPOSITION**

The judgment is affirmed. Costs on appeal are awarded to the County.


DE SANTOS, J.

WE CONCUR:


PEÑA, Acting P. J.


SMITH, J.

15.