Filed 2/2/16  Love v. Cal. Highway Patrol CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| LEE ANDRE LOVE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CALIFORNIA HIGHWAY PATROL et al.,<br><br>    Defendants and Respondents. | 2d Civil No. B260035<br>(Super. Ct. No. NC058835)<br>(Los Angeles County) |

Lee Andre Love, acting as his own attorney, appeals the judgment of dismissal entered after the trial court sustained without leave to amend the demurrers of respondents (the California Highway Patrol (CHP), CHP Commissioner Joseph Farrow, and CHP Officers Raquel Stage, Martin Geller, Leon Hines and Edward McElroy). Love's claims were premised on his arrest, which he contends was the result of racial profiling, and the seizure of marijuana.[1]  The trial court sustained the demurrer because most of the 19 causes of action are barred by the statutes of limitations, and several causes of action lack merit as a matter of law.  We affirm.

---

[1] Following his arrest, the prosecution charged Love with felony possession and transportation of marijuana for sale.  A jury acquitted him of those felonies and convicted him of two counts of a lesser included misdemeanor (simple possession).  This court reversed his convictions.  (*People v. Love* (Oct. 4, 2012, B235156) [nonpub. opn.].)

FACTUAL AND PROCEDURAL BACKGROUND

"Because this matter comes to us on demurrer, we take the facts from plaintiff's complaint, the allegations of which are deemed true for the limited purpose of determining whether plaintiff has stated a viable cause of action. [Citation.]" (*Stevenson v. Superior Court* (1997) 16 Cal.4th 880, 885.)

Love claims that on November 6, 2009, he was in lawful possession of medical marijuana, under the Compassionate Use Act (CUA) (Health & Saf. Code, § 11362.5 et seq.). He was driving the marijuana to a dispensary when CHP Officers Geller and Stage stopped the car, without legal cause, as a result of racial profiling. They questioned him. Love stated he possessed marijuana and a physician's recommendation for marijuana. The officers asked him to get out of the car. He complied. The officers searched the car, found and seized marijuana from its trunk, and arrested Love.

On May 10, 2010, the prosecution charged Love with felony possession of marijuana for sale and felony transportation of marijuana for sale (Health & Saf. Code, §§ 11359, 11360, subd. (a)). At trial, Love argued that he possessed the marijuana lawfully under the CUA. The court gave the jury a special instruction on the applicability of the CUA to the charged felonies. The jury acquitted Love of the charged felonies but convicted him of two counts of a lesser included misdemeanor (simple possession). The court granted Love probation, with a term that he serve 90 days in county jail, and entered judgment on July 21, 2011. Love appealed from the judgment.

In an opinion dated October 4, 2012, we reversed Love's misdemeanor convictions because the trial court erroneously failed to instruct the jury that the CUA instruction applied to lesser included offenses. We concluded that substantial evidence supported the misdemeanor simple possession convictions, and remanded the case to the trial court. On December 19, 2012, that court issued an "order for return of property." "On or before" December 24, 2012, an "inventory/ property deputy" informed Love that his marijuana had been destroyed. Love did, however, recover the money that was seized from him upon his arrest. On January 11, 2013, the trial court dismissed the criminal case pursuant to Penal Code section 1385.

On May 7, 2013, Love filed a complaint against respondents. Thereafter he filed a first amended complaint. Respondents demurred and the trial court granted Love leave to amend. Love filed a second amended complaint seeking relief based on the following 19 causes of action: (1) race discrimination in violation of title 42 United States Code section 1983 (section 1983) against CHP Commissioner Farrow; (2) violation of article I, section 13 of the California Constitution; (3) race discrimination in violation of title 42 United States Code section 2000d et seq. against the CHP; (4) violation of the Fifth Amendment to the United States Constitution; (5) violations of section 1983 and the Fourth and Fourteenth Amendments to the United States Constitution; (6) violation of the commerce clause of the federal Constitution; (7) violations of title 42 United States Code sections 1981 (section 1981) and 1983; (8) violations of title 42 United States Code sections 1985 and 1986 (section 1986) (conspiracy to violate constitutional and civil rights); (9) violation of Government Code sections 11135 and 11139; (10) violation of article I, section 7 of the California Constitution (due process); (11) inverse condemnation; (12) violation of Civil Code section 52.1; (13) intentional infliction of emotional distress; (14) negligent infliction of emotional distress; (15) false imprisonment; (16) conversion; (17) violation of section 1983 and the Fourteenth Amendment to the United States Constitution; (18) violation of section 1983 and the First Amendment to the United States Constitution; and (19) declaratory relief. The trial court sustained respondent's demurrer and dismissed the complaint without leave to amend.

DISCUSSION

"'A demurrer tests the legal sufficiency of the complaint . . . .' [Citations.] On appeal from a dismissal after an order sustaining a demurrer, we review the order de novo, exercising our independent judgment about whether the complaint states a cause of action as a matter of law. [Citations.] We give the complaint a reasonable interpretation, reading it as a whole and viewing its parts in context. [Citations.] We deem to be true all material facts properly pled. [Citation.] We must also accept as true those facts that may be implied or inferred from those expressly alleged. [Citation.] If no liability exists as a matter of law, we must affirm that part of the judgment sustaining the demurrer.

[Citation.] [¶] While the decision to sustain or overrule a demurrer is a legal ruling subject to de novo review on appeal, the granting of leave to amend involves an exercise of the trial court's discretion. [Citations.] When the trial court sustains a demurrer without leave to amend, we must also consider whether the complaint might state a cause of action if a defect could reasonably be cured by amendment. If the defect can be cured, then the judgment of dismissal must be reversed to allow the plaintiff an opportunity to do so. The plaintiff bears the burden of demonstrating a reasonable possibility to cure any defect by amendment. [Citations.] A trial court abuses its discretion if it sustains a demurrer without leave to amend when the plaintiff shows a reasonable possibility to cure any defect by amendment. [Citations.] If the plaintiff cannot show an abuse of discretion, the trial court's order sustaining the demurrer without leave to amend must be affirmed. [Citation.]" (*Lazar v. Hertz Corp.* (1999) 69 Cal.App.4th 1494, 1500-1501, fn. omitted; *Balikov v. Southern Cal. Gas Co.* (2001) 94 Cal.App.4th 816, 819-820.)

*Government Code section 945.3 Tolling Claim*

Appellant contends that his federal civil rights causes of action are saved by Government Code section 945.3, which he argues tolled the statutes of limitations for such actions, until October 4, 2012, the filing date of the opinion in *People v. Love*, *supra*, B235156. We disagree.

Government Code section 945.3 provides in relevant part as follows: "No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring *a civil action for money or damages* against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused, while the charges against the accused are *pending before a superior court*. [¶] Any applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a superior court. [¶] For purposes of this section, *charges pending before a superior court do not include appeals . . . .*" (Italics added.)

4

As alleged in the complaint, the federal causes of action arising from Love's arrest and the seizure of his marijuana (first, third, fourth, fifth, seventh, eighth, seventeenth and eighteenth causes of action) accrued on his arrest date, November 6, 2009. (*Wallace v. Kato* (2007) 549 U.S. 384; *Lukovsky v. City & County of San Francisco* (9th Cir. 2008) 535 F.3d 1044, 1048-1049.) On May 10, 2010, the prosecution filed criminal charges against Love in superior court, which commenced the tolling period under Government Code section 945.3. That tolling period ended on July 21, 2011, when the superior court entered judgment. (Gov. Code, § 945.3; *McAlpine v. Superior Court* (1989) 209 Cal.App.3d 1, 6-8.)[2]

*Equitable Tolling Claim*

Loves cites *Cervantes v. City of San Diego* (9th Cir. 1993) 5 F.3d 1273, 1275, 1277 (*Cervantes*), and similar cases in arguing that equitable tolling bars the running of the statute of limitations through the end of his appeal in the criminal action, on November 19, 2012, when we issued a remittitur in *People v. Love*, *supra*, B235156. We disagree. In *Cervantes*, a wrongful termination case, the Ninth Circuit concluded that California's equitable tolling rules relieved the "'plaintiff from the bar of a limitations statute'" for filing a wrongful termination action in court while he pursued an administrative remedy that would reduce the extent of the damages or injuries for which he sought relief in the court action. (*Id*. at p. 1275.) *Cervantes* sought comparable remedies in the administrative and judicial proceedings, such as reinstatement and lost income. In pursuing a criminal appeal, Love did not seek remedies comparable to the declaratory relief, injunctive relief and damages described in his civil complaint.

_____

[2] In addition to relying upon Government Code section 945.3 in arguing that his claims did not accrue until October 4, 2012, Love cites *Heck v. Humphrey* (1994) 512 U.S. 477 (*Heck*). He contends that under *Heck*, his section 1983 civil rights claims did not accrue until October 4, 2012, when we reversed his convictions in *People v. Love*, *supra*, B235156. We conclude that Love waived this issue by failing to raise it below.

5

*The Statutes of Limitations Bar the Federal Claims in the First, Third, Fourth,*

*Fifth, Seventh, Eighth, Seventeenth and Eighteenth Causes of Action*

Federal civil rights claims under section 1983 are subject to California's statute of limitations for personal injury claims. (*Aiuto v. City & County of San Francisco* (2011) 201 Cal.App.4th 1347, 1354.) California's statute of limitations for personal injury claims is two years. (Code Civ. Proc., § 335.1.) That statute also applies to claims under title VI of the Civil Rights Act of 1964 (*Taylor v. Regents of the Univ. of Cal.* (9th Cir. 1993) 993 F.2d 710) and claims under section 1981 (*Roman v. County of Los Angeles* (2000) 85 Cal.App.4th 316, 322-323). Claims under section 1986 are subject to a one-year statute of limitations. (42 U.S.C. § 1986.)

As alleged in the complaint, Love's section 1983 civil rights claims (first, fourth, fifth, seventeenth and eighteenth causes of action), his title VI claim (third cause of action), his section 1981 claim (seventh cause of action), and his section 1986 claim (eighth cause of action) accrued on November 6, 2009, when respondents arrested him and seized his marijuana. The two-year, or 730-day, statute of limitations provided by Code of Civil Procedure section 335.1 commenced running on November 6, 2009, and ran for a total of 185 days, until the filing of the information on May 10, 2010. At that point, the tolling provided by Government Code section 945.3 commenced, with 545 days left under Code of Civil Procedure section 335.1. The tolling ended on July 21, 2011, when the criminal court sentenced Love and entered judgment. The Code of Civil Procedure section 335.1 two-year statute of limitations ran 545 days later, on January 22, 2013. (January 20 and 21, 2013, were a Sunday and a holiday, respectively.) The section 1986 one-year statute of limitations ran on Friday, January 20, 2012. The applicable statutes of limitations barred the federal claims (first, third, fourth, fifth, seventh, eighth, seventeenth and eighteenth causes of action) before Love filed his May 7, 2013 complaint.[3]

---

[3] As to the CHP, the trial court properly sustained the demurrer to the first cause of action under section 1983 against CHP Commissioner Farrow in his official capacity on an additional ground—*i.e.*, California cannot be sued under section 1983 because a state

*The State Law Claims Alleged in the Second, Ninth, Tenth, Eleventh, Twelfth, Fourteenth, Fifteenth, Sixteenth and Nineteenth Causes of Action Are Barred Because Love Did Not File a Timely Claim with the Victim Compensation Government Claims Board*

The state law causes of action allege claims against a public entity and its employees. "A claim relating to a cause of action for . . . injury to person or to personal property . . . shall be presented [to a local public entity] not later than six months after the accrual of the cause of action." (Gov. Code, §§ 911.2, 915, subd. (a); *City of Los Angeles v. Superior Court* (2008) 168 Cal.App.4th 422, 427.) For purposes of Government Code section 911.2, a cause of action accrues on the date the cause of action is deemed to accrue for the statute of limitations, which would apply to a dispute between private litigants. (Gov. Code, § 901; *Shirk v. Vista Unified School Dist.* (2007) 42 Cal.4th 201, 209.) Government Code section 945 does "not extend the time within which a claim is required to be presented pursuant to Section 911.2." (Gov. Code, § 945.3.)

The statute of limitations for conversion is generally triggered by the wrongful act of taking the plaintiff's property. (*Bono v. Clark* (2002) 103 Cal.App.4th 1409, 1432-1433.) As alleged in the complaint, the conversion action accrued on November 6, 2009, when respondents allegedly wrongfully seized Love's medical marijuana without his consent. Love first filed a claim with the Victim Compensation and Government Claims Board on January 4, 2013, more than six months after November 6, 2009. The claim was not timely filed. (Gov. Code, § 911.2.) Compliance with the claim filing requirement of Government Code section 911.2 is an essential element of a cause of action against a public entity or public employee. (*State of California v. Superior Court* (2003) 32 Cal.4th 1234, 1239.)[4]

---

is not a "person" for purposes of that statute. (*Will v. Mich. Dep't. of State Police* (1989) 491 U.S. 58.) Love's action against Commissioner Farrow in his official capacity is the equivalent of a suit against California. (*Ibid.*)

[4] Respondents did not raise Love's failure to present a timely claim in the trial court. We nonetheless consider this issue because filing such a claim is an essential element of every cause of action. The trial court sustained the demurrer to the state law

Citing *Pace Industries, Inc. v. Three Phoenix Co*. (9th Cir. 1987) 813 F.2d 234, 237, Love argues that the January 4, 2013 claim was timely filed because respondents' violations against him were continuing in nature, and upon each violation of his rights, it triggered a new period of limitations. We disagree. As alleged in the complaint, the causes of action accrued upon Love's arrest and the seizure of his property. In alleging his conversion claim, Love arguably tried to rely on the delayed discovery rule. That rule allows a plaintiff to "plead around" the statute of limitations. (*Fox v. Ethicon Endo-Surgery, Inc*. (2005) 35 Cal.4th 797, 808.) In order to state a cause of action that is otherwise barred by the statute of limitations under the delayed discovery rule, however, a plaintiff must specifically allege facts showing "'(1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence.'" (*Ibid*., italics omitted.) The complaint alleges that Love learned after December 19, 2012, and "on or before" December 24, 2012, that the marijuana had been destroyed. The complaint does not, however, allege facts which establish that Love exercised reasonable diligence in discovering the destruction of the marijuana. Thus, the conversion claim accrued on November 6, 2009. Love's failure to present a timely claim to the board barred his conversion claim and other state law claims. (*State of California v. Superior Court*, *supra*, 32 Cal.4th at p. 1239.)

### The Sixth, Tenth, Eleventh and Fourteenth
### Causes of Action Lack Merit As a Matter of Law

The trial court properly sustained the demurrer to the sixth, tenth, eleventh and fourteenth causes of action because they lacked merit as a matter of law. The sixth cause of action seeks relief under the commerce clause. There is no private right of action under the commerce clause. (*International Organization of Masters, Mates & Pilots v. Andrews* (9th Cir. 1987) 831 F.2d 843, 847.)

---

claims on alternate grounds. For example, it correctly ruled that the twelfth claim of Civil Code section 52.1 and the thirteenth claim for intentional infliction of emotional distress were barred by the two-year statute of limitations for personal injury. (Code Civ. Proc., § 335.1; *Gatto v. County of Sonoma* (2002) 98 Cal.App.4th 744, 759-760 [Civil Code section 52.1 claims].) That two-year limitations period ran on January 22, 2013.

The tenth cause of action seeks relief for the violation of Love's due process rights under Article I, section 7, subdivision (a) of our state Constitution. California courts have rejected the creation of constitutional torts arising from citizens' state constitutional rights to due process under article I, section 7 of the California Constitution. (*Katzberg v. Regents of the University of California* (2002) 29 Cal.4th 300, 328-329.)

The eleventh cause of action for inverse condemnation seeks relief under Article I, section 19 of the state Constitution. That section provides as follows in relevant part: "(a) Private property may be taken or damaged for a public use and only when just compensation, ascertained by a jury." Article I, section 19 of the state constitution, however, authorizes an inverse condemnation claim *only* where the plaintiff makes the essential allegation that "the defendant substantially participated in the planning, approval, construction, or operation of a public project or improvement which proximately caused injury to plaintiff's property." (*Wildensten v. East Bay Regional Park Dist.* (1991) 213 Cal.App.3d 976, 979-980.)

The fourteenth cause of action for negligent infliction of emotional distress fails as a matter of law. California does not recognize negligent infliction of emotional distress as a separate tort. (*Potter v. Firestone Tire & Rubber Co.* (1993) 6 Cal.4th 965, 984.)

*Claim for Declaratory Relief (Nineteenth Cause of Action)*

The nineteenth cause of action seeks declaratory relief. A claim for declaratory relief is subject to the same statute of limitations that applies to a claim for damages based upon the same conduct, right, law, or violation. (*Ginsberg v. Gamson* (2012) 205 Cal.App.4th 873, 883.) Because all causes of action in the complaint are time barred or lack merit as a matter of law, the nineteenth cause of action for declaratory relief is time barred. Moreover, the sixth, tenth, eleventh and fourteenth causes of action lack merit as a matter of law because they do not plead the existence of a justiciable controversy. Absent such a controversy, there is no right to the declaratory relief requested in the nineteenth cause of action. (*Friends of the Trails v. Blasius* (2000) 78 Cal.App.4th 810, 831.)

9

Love did not show a reasonable possibility of curing the defects in the second amended complaint.  Thus, the trial court was not required to grant him additional leave to amend the complaint.  (*Lazer v. Hertz Corp.*, *supra*, 69 Cal.App.4th at pp. 1500-1501.)

DISPOSITION

The judgment is affirmed.  Costs on appeal are awarded to respondents.


NOT TO BE PUBLISHED.



PERREN, J.


We concur:


GILBERT, P. J.


YEGAN, J.


10

Ross M. Klein, Judge

Superior Court of Los Angeles County

_____

Lee Andre Love, in pro. per., for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Elizabeth S. Angres, Supervising Deputy Attorney General, and Paul C. Epstein, Deputy Attorney General, for Defendants and Respondents.